URI COLGROVE, plaintiff below, *vs.* ETHNI FILLMORE, defendant below.—*IN ERROR.*

Rutland,
January,
1826.

One having, for "*a valuable consideration*," as it was expressed, conveyed by deed, without covenants, all his right, title, interest and claim to an estate of which he was an heir, (the ancestor being deceased) and having afterwards received monies as his portion of the estate so conveyed; in an action of *indebitatus assumpsit* by the grantee, to recover such monies—*Held*, that the deed was proper evidence to prove the transfer of the claim of the defendant to such estate to the plaintiff.

*Held*, also, that the money so received must be considered as received to the use of the grantee, and that the law implies a promise to pay it over.

THE action below was *assumpsit.* The declaration contained two counts—the first stated, in substance, that in December, 1809, the defendant was appointed administrator to the estate of one *Nathan Colgrove*, then deceased; that *Eunice Fillmore*, the wife of the defendant, was entitled, as one of the heirs of the said *Nathan*, to a distributive share in his estate; that on the 18th of June, 1810, the defendant and his wife, for a valuable consideration, sold and conveyed to the plaintiff, all their claim in right of the said *Eunice*, to the estate of the said *Nathan*; that the defendant having settled his administration account, and the sum of $479,26 being found in his hands, he was on the 13th of May, 1822, ordered by the probate court to pay the said sum to the heirs of said Nathan, within ten days from the date of said order, and that he was therein ordered to pay, among others of the said heirs, to the said *Eunice* his wife, the sum of $59,90; that, at the expiration of said term, the defendant, having the last mentioned sum in his hands, in right of his said wife, by virtue of said contract, became liable to pay the same to the plaintiff, and being so liable, undertook, &c. and that though thereto specially requested on the 2d of September, 1822, he had refused, &c.

The second count was for money *had and received.*

On the trial under the general issue, the plaintiff offered in evidence the following instrument:

"To all whom these presents shall come—*Greeting.*

Know ye, that we, Ethni Fillmore, and Eunice Fillmore, consort of the said Ethni, and heiress to the estate of Nathan Colgrove, late of the town of Middletown, in the county of Rutland and state of Vermont, deceased, being residents of the said Middletown, do, for a valuable consideration to us, in hand, paid by Uri Colgrove, of the town of Lenore, in the county of Madison, and in the state of N. York, the receipt whereof we do hereby acknowledge, do give, grant, bargain, sell, convey and confirm unto the said Uri Colgrove, to his heirs and assigns, all our right, title, interest and claims, of every name or nature, that we have as heirs to that estate of the said Nathan, deceased.

In witness whereof, we have hereunto set our hands and seals, this 18th day of June, A. D. 1810.

In presence of }
*Thos. Huntington.* }

ETHNI FILLMORE, { Scroll }
EUNICE FILLMORE." { Scroll }

Rutland,
January,
1826.

Colgrove
vs.
Fillmore.

STATE OF VERMONT,  }  Middletown, June 18, 1810, personally
Rutland county, ss.  }  appeared Ethni Fillmore and Eunice Fill-
more, and each of them acknowledged the above instrument to
be their own free act and deed, before me.

Thos. Huntington, justice peace,"

This evidence was objected to by the defendant, and rejected
by the Court, whereupon a verdict was returned for the defend-
ant, and judgment rendered thereon.

The plaintiff, excepting to this decision, sued out the present
writ of error, and assigned for errors,

1st. The rejection of the said deed, or contract of sale.

2d. The *general error.*

Plea, in *nullo est erratum.*

*Williams,* for the plaintiff in error, commenced an argument,
but was stopped by the Court, who said they would hear the
counsel for the other side.

*Langdon,* for the defendant.   We insist on the following rea-
sons in support of the judgment of the county court, viz:

1st. The instrument offered in evidence was properly reject-
ed by the county court, because it is a sealed instrument, and
ought to have been declared upon as such, and a profert thereof
made, and cannot be received in evidence to support an action of
assumpsit.—2 *Caine's R.* 362.—1 *Dall.* 63.—2 *Blck. Com.* 305–6.
—1 *Chit. Pl.* 94–5.—1 *Cranch,* 332.—1 *Croke,* 242, *Read* vs.
*Johnson.*—3 *Croke,* 343.—*Esp. N. P.* 95.—*Douglass* 6.

2d. Admitting the defendant and his wife have conveyed a
right to her share of her father's estate to the plaintiff, by the
instrument offered in evidence, yet the plaintiff being a stranger,
cannot maintain an action to recover such share in his own
name against the administrator, after distribution, but should
have taken his remedy on the instrument itself against the par-
ties to it, and should have averred that such share had come in-
to the hands and possession of the defendant, in right of his
wife as heiress of *Nathan Colgrove,* deceased, but the plaintiff
has only declared that the defendant, as administrator, was or-
dered to pay to the heirs, not advanced of said *Nathan,* $479,26,
and was also ordered to pay to said *Eunice,* (the defendant's wife)
one of the heirs, the sum of $59,90, and then raises a promise
and undertaking on the part of the administrator, to pay the
sum last aforesaid to the plaintiff.—*Bul. N. P.* 134.

3d. Where there is a special contract, under seal, *indebitatus
assumpsit* will not lie, but covenant or debt ought to be brought.
—1 *Chit.* 94–5.—1 *Dall.* 208.—1 *Cranch,* 332, *Alexandria Ins.
Co.* vs. *Young.*—5 *Bac. Ab.* 334.—*Croke's Eliz.* 242, *Read* vs.
*Johnson.*

4th. The plaintiff claims the sum in question, or the thing
granted; but there was nothing certain for the grant to operate
upon at the time it was made.   The share of the defendant's
wife might have been real estate, furniture or other goods, or
money, which not being distributed at the time of the grant,
could not be designated, and therefore could not be granted.

*Rutland,*
January,
1826.

Colgrove
*vs.*
Fillmore.

5th. The plaintiff should, therefore, have declared upon the instrument according to its operation in law, as a covenant or agreement to permit the plaintiff to receive, in the name of the defendant and wife, as heirs of *Nathan Colgrove,* her share of her father's estate.

6th. In declaring on a simple contract, it is always necessary to set forth a consideration, on which the contract or promise is founded, which consideration must correspond with the facts, and be co-extensive with the contract or agreement.—1 *Chit.* 294–5 —4 *East,* 464—7 *Term R.* 348.—*Cro. Eliz.* 79.—2 *Bos.* and *Pul.* 79.

The opinion of the Court was delivered by

SKINNER, Ch. J. The facts stated in the first count of the declaration, are, that the defendant, on the 25th of December, 1809, was appointed administrator on the estate of *Nathan Colgrove,* deceased; that *Eunice Fillmore,* wife of the defendant, was an heiress to the estate, and thereby the defendant and wife were entitled to a share of the estate. That the defendant and wife, on the 18th June, 1810, bargained and sold to the plaintiff all their title, interest and claim to the estate; and on the 13th May, 1822, the defendant, as administrator, had in his hands the sum of $479,26 belonging to the heirs, which was then ordered by the judge of probate to be paid over to the heirs within ten days, of which sum $59,90 was ordered to be paid said *Eunice ;* that the plaintiff demanded this sum of the defendant, being the sum received by him and his wife as heirs to the estate, on the 24th May, 1822.

The second count is for money had and received. To this declaration the general issue is pleaded, as also the statute of limitations; and upon the trial of the cause in the county court, the plaintiff offered in evidence a deed executed by the defendant and his wife, on the 18th June, 1810, by which they bargain and sell to the plaintiff, all their right as heirs to the estate of the deceased, which was objected to by the defendant, and rejected by the Court; whereupon a verdict was taken for the defendant, and judgment rendered thereon; to reverse which judgment this writ of error is brought. And the only question for the Court to decide, is, was the evidence properly excluded?

In support of the decision of the county court, the defendant insists, that the evidence offered, being a specialty, ought to have been declared upon, and that it cannot be received in evidence in an action of assumpsit. That where there is a contract under seal, the action ought to be debt or covenant.

No action of covenant would lie in this case, as there was no breach, nor indeed any covenant in the deed, upon which a breach could arise. Though an action of debt might have been brought for the money, to which the plaintiff was entitled, no such action could be sustained upon this instrument, the money not having been received, as no indebtedness is therein acknowledged, nor is there any express undertaking to pay over to the

plaintiff the amount of the share transferred; this the law implies.

By the deed, the right of the defendant and his wife as heirs to the estate of the deceased, was transferred to the plaintiff; and whatever sum may have come into the defendant's hands in right of his wife, or whatever sum he may have received as administrator, and would have been entitled to hold in such right, but for the transfer to the plaintiff, must be considered as received to the use of the plaintiff. The evidence offered to show the right of the plaintiff to the money claimed, was the proper and only evidence that could have been admitted to prove that for which it was offered, viz: the transfer to the plaintiff of the claim of the defendant and wife, to the estate of the deceased.

No question is made by the parties, but that the plaintiff, by force of the deed, is entitled as well to the distributive share as that which might be derived by descent.

As to the evidence necessary for the plaintiff to give on the trial, to show that the defendant has *received* money to his use, no opinion is intended to be expressed.

> Judgment, there is error, &c. and the judgment of the court is reversed.

*Jonas Clark, Wm. Page* and *C. K. Williams,* for the plaintiff.

*Chauncey Langdon,* for the defendant.