### JOHN HOUGH vs. HARVEY H. LAWRENCE.

ADDISON,
January,
1831.

The length of notice to the adverse party of the taking of a deposition, not being fixed by statute, it becomes a matter of discretion with the Court in which the deposition is to be used, to judge of the reasonableness of such notice.

Where any question has been made in a County Court, not resting upon, or to be decided according to the known principles or usages of law, but by the Court's exercising a sound *discretion,* this Court never takes upon itself to revise such decision.

It is the province of the magistrate, taking a deposition, to judge of the capability of the witness to narrate facts.

The testimony of a magistrate taking a deposition, offered to show an *apparent* want of intelligence in the deponent, is inadmissible.

This was a case tried in the County Court, June Term, 1830.

On the trial, the defendant offered the deposition of one William Emerson, which contained evidence material to the issue. It appeared that said deposition was taken on the second day of the term of said Court, and that the plaintiff was duly notified to attend at the taking thereof, and did attend, but without the assistance of counsel; and

ADDISON,
January,
1831.

Hough
vs.
Lawrence.

that the cause assigned in the caption of said deposition for the taking thereof, was, that the deponent was going out of the state, not to return before the time of trial.

To the admission of said deposition, the plaintiff's counsel objected ; but the objection was overruled by the Court, and the deposition was read in evidence to the jury.

The plaintiff also offered the evidence of the magistrate who took said deposition, to show apparent want of intelligence of the deponent, which evidence was rejected by the Court. The age of the deponent appeared to have been fourteen years.

To which admission of said deposition and rejection of evidence, the plaintiff excepted, and the case passed to this Court for further adjudication.

*Argument for the plaintiff.*—Two questions are raised in this case :

1. Is a deposition admissible, taken within the term at which the cause is to be tried, when the adverse party does not attend at the taking, with the assistance of counsel? And,

2. Is it competent for the party, against whom the deposition is used, to prove apparent want of intelligence of deponent ?

I. Is the deposition admissible ?

Depositions are to be regarded as secondary testimony, and are not to be favored. It necessarily follows that the law admitting them should receive a strict construction.— And such has always been the construction in regard to the formalities of taking and certifying.—See example in Chipman's Reports, page 179.

If such exactness is required with regard to matters of form, much more should it be in regard to matters of substance.

The diminished value of testimony by deposition, compared with that in open court, furnishes a strong reason for indulging the party against whom the testimony is to be used, with the aid of counsel.

This privilege is peculiarly important in the examination of witnesses, especially in their *cross-examination*—particularly when that cross-examination is out of Court.

ADDISON,
January,
1831.

Hough
vs.
Lawrence.

The argument thus far assumes that the plaintiff in this case was necessarily deprived of the aid of counsel. This must always be the presumption in cases of depositions taken in term time.

It is not necessary, in order to give force to this presumption, to suppose that the counsel of the party is at the moment of taking the deposition, engaged in a cause on trial. His liability to be thus engaged at any moment, renders his constant presence in court necessary.

But want of counsel is not the only objection in this case. The Statute, p. 81, sec. 81, requires that the deponent should be " going out of the State, not to return before the time of trial." Can the certificate of this by the magistrate on the second day of the term, be legally *true* ?

What is the " time of trial ?" We answer, the whole of the term. The law knows no distinction of days in a term. There is no such distinction ordinarily in practice. Causes are not assigned to particular days.

Witnesses are accordingly subpœnied to attend at *the term;* and they are presumed to be in Court from the commencement of the term.

We contend further, that the witness should have stated in his deposition, that he was going out of the State before the time of trial.

No time, in this case, is given to the adverse party to disprove the necessity of the witness's absence. This is the more necessary inasmuch as it is the more difficult to disprove this than the fact of sickness, age, infirmity, &c.

II. May apparent want of intelligence of the deponent be proved?

The degree of reliance to be placed upon testimony may be as much affected by *want of intelligence* as *want of honesty.*

The witness in this case was a lad of the age of fourteen, and was the servant of the defendant at the time of the transaction with regard to which he testifies.

The enquiry after his apparent want of intelligence becomes more important by reason of the want of opportunity to cross-examine by counsel.

But admitting the importance of the enquiry, the question arises, is it competent for the party to make it?

ADDISON,
January,
1831.

Hough
vs.
Lawrence.

It is proper to prove that a witness *on the stand* is in a state of mental alienation, or that he is destitute of common understanding. This testimony must of course be proper with regard to a deponent.

And may not this be proved by his appearance? How else indeed can it be proved? If the witness is on the stand, this sort of proof is brought home to the senses of the jury. This of course is the *best* proof. But if a party will use a deposition, especially in a case of doubtful necessity like the present, may not the adverse party get the proof to the jury by secondary testimony. It is, in such case, the best evidence. And shall he, in addition to the ordinary disadvantages of having the deposition rather than the witness in Court, be deprived of such evidence altogether?

We think, therefore, that the deposition ought not to have been admitted to the jury. But if read, that it should have been accompanied by evidence of the deponent's apparent want of intelligence.

*Argument for defendant.*—1. The deposition could not be objected to on the ground of its being taken in term time.

The plaintiff attended and cross-examined the witness without objection to time. Had he objected, the defendant might possibly have detained the witness till the trial.

2. The age of the deponent appeared, and the deposition which may be referred to, shows the nature of the facts stated. Had the magistrate been permitted to give his opinion of the intelligence of the witness, others might have been called to the same point on the other side, and as there is no criterion by which to graduate an *appearance* of intelligence, it would have led to a very long and fruitless examination. The magistrate took down the facts he deposed to, and adiministered the oath. The offer was not to show the witness incompetent to understand and relate the facts stated in the deposition, but to show his "apparent want of intelligence."—This was too loose.

If the deposition, not being made a part of the case, cannot be referred to, it is sufficient for the defendant to say, that it does not appear that the facts contained in the dep-

osition were material, without which the Court would not grant a new trial.—2 Vt. Rep. *Sargeant* vs. *Leland*, 277.

The opinion of the Court was pronounced by

PADDOCK, J.—Where a deposition is to be taken, afterwards to be used in a Court of law as evidence, our statute requires " *that the adverse party shall have a reasonable time to appear and be present at the taking of the same ;*" so that the length of notice to be given, before the taking the deposition not being fixed by statute, it becomes entirely a matter of discretion with the Court in which the deposition is to be used, to judge of the reasonableness of the notice, and either admit or reject it ; and where any question has been made in a County Court, not resting upon, or to be decided according to the known principles or usages of law, but by the Court's exercising their sound discretion, this Court never takes upon itself to revise such decision ; it is to be presumed in all such cases, that County Courts decide right.

In respect to rejecting the testimony of the magistrate, which was offered to show an apparent want of intelligence in the boy, we have examined his deposition, and find it narrates but few, and those, simple facts ; which must have required but little exercise of mental power to understand. A party certainly has at all times a right to show the degree of credit testimony is entitled to, which is brought against him ; but it is very difficult for any one to measure the capacity of human intellect : we know that a wise man generally appears the reverse of an idiot ; but how foolish a person may be, and yet capable of relating simple facts correctly and truly, is the province of the magistrate taking the deposition to determine ; und we are bound to believe that no magistrate would take and certify the deposition of a person who was so foolish as not to be entitled to credit.                    Judgement affirmed.

*Wm. Slade*, for plaintiff.
*Bates & Chipman*, for defendant.