MARTIN D. BEMIS *v.* ABEL MORRILL.

*Trover. Sale. Deposition. County Court.*

As between the parties to a sale of a chattel the title may pass without delivery, if all the other elements of a valid sale exist. It is only when the rights of other persons are affected that delivery becomes essential.

In the sale of a heifer by the defendant to the plaintiff, it was agreed that the defendant should keep her for a specified time. *Held,* that this agreement could not affect the title between the parties, the sale being complete; and that trover could be maintained for the heifer by the plaintiff against the defendant upon his refusal to deliver her.

A deposition taken, without consent, to be used in two cases, though between the same parties, is not admissible.

Where by the custom of the court, parties in court and attorneys, may not be required to attend to the taking of depositions in term time, it is a matter strictly within the discretion of the county court to determine whether the depositions so taken shall be admitted.

TROVER for a heifer. Plea the general issue, and trial by jury September Term, 1864, PECK, J., presiding. The plaintiff's evidence tended to show that in July, 1861, the defendant offered to exchange his colt for the plaintiff's mare, and give a light red heifer and his note for ten dollars, and to keep the heifer for the plaintiff until foddering time, and that the trade was thus concluded between them. The defendant gave the note, which has been paid, but refuses to give up the heifer, claiming, and his evidence tending to show, that he was only to give his colt and the ten dollar note for the mare. The dispute on trial was whether the plaintiff was to have the heifer and the ten dollar note, or only the ten dollar note for the difference between the colt and mare.

The defendant's counsel requested the court to charge the jury that "the proof shows no delivery of the heifer, so as to vest the title of the heifer in the plaintiff, so as to enable the plaintiff to sustain trover." The court refused so to charge, and charged on this point that in order to entitle the plaintiff to recover he must show by a fair balance of evidence that he was by the agreement to have the heifer in dispute; that if they should find from the evidence that the plaintiff was to have the light red heifer in addition to the ten dollar note, and that that particular heifer was designated by the parties in the agreement as the particular heifer the plaintiff was to have, as

the plaintiff's evidence tended to show, the property of the heifer so far vested in the plaintiff as to entitle him to maintain the action, but unless they so found, then the defendant was entitled to recover. To the refusal to charge as requested, and to the charge as stated, the defendant excepted.

The defendant in the course of the trial offered in evidence the deposition of Edwin A. Hoyt, to the admission of which the plaintiff objected.   1.   Because it appeared by the certificate of the magistrate that it was taken to be used in two cases—the plaintiff insisting that it was not competent to take a deposition to be used in two cases, thus intermingling evidence that is admissible in one case with what is inadmissible in that case, but which might be in the other. 2.   For the reason that it was not in fact taken to be used in this case, but in the case of *Morrill* v. *Bemis*.   The notice to the plaintiff to take the deposition was not produced, but upon the proof the court found that the written notice served on the adverse party was a notice to take the deposition in both cases.   The court found there was no consent on the part of the plaintiff to have it taken or used in both cases.   It appeared that the other case referred to was a case between those parties on a false warranty of soundness and false representation of soundness, by said Bemis, in the same exchange of horses that is referred to in this suit.   It also appeared that the deposition was taken during the session of the county court in this county, and that when the justice took the deposition, the plaintiff's counsel objected to the taking of it upon the ground that it was during the session of the said county court.   It was taken in the evening, during the recess for the night.   Neither of said cases was expected to be tried that term, and neither was tried at that term. The court rejected the deposition,—to which the defendant excepted. Verdict for the plaintiff.

*J. P. Lamson*, for the defendant.

*C. H. Heath* and *Peck & Fifield*, for the plaintiff.

The opinion of the court was delivered by

ALDIS, J.   To maintain trover the plaintiff must show his ownership of the chattel alleged to have been converted.   In this case the defendant contends, that the plaintiff's title to the heifer fails because the sale was not perfected by delivery.

As between the parties to a sale of a chattel the title may pass without delivery. If all the other elements of a valid sale exist, viz : the mutual agreement of competent parties upon a legal consideration for a sale ; and if nothing more is to be done by them to complete their contract, then the title will pass without delivery. It is only when the rights of other persons are affected that delivery becomes essential.

In this case the jury must have found, that by the contract between the plaintiff and defendant the heifer was sold to the plaintiff by the defendant ; that the defendant received the price ; that nothing more was to be done between the parties in order to change the title, and that the keeping of the animal by the defendant till foddering time was not a condition that affected the title, but only an obligation upon the defendant which the plaintiff might insist upon, or might waive at any time at his pleasure. The plaintiff's title to the heifer was therefore established.

As to the rejection of the deposition. It was taken to be used in two cases, the one at bar, and the case of *Morrill* v. *Bemis*. It would therefore by the rules of court be filed in both cases and subject to the control and inspection of the parties and counsel in both,—be used in both. If anything in the deposition was admissible in one case and not admissible in the other, the inadmissible portions would have to be erased so as not to be legible before it could go to the jury.

Such a deposition as this, taken without consent to be used in different cases, we have never seen before. We think it is the first appearance of the practice in our courts. It is obviously against the intent of the statute, which intends that the witness shall be sworn in each case, and that a separate deposition, certificate and caption, shall be made for each. It is a bad precedent, leading to looseness and irregularity of practice. If we adopt it where the parties in the different suits are the same, why not in different suits where the subject matter is the same and the parties are different? Upon this ground it was properly rejected.

The other ground of objection to it was that it was taken in term time, when by the custom of the court parties in court and the attornies, as officers of the court, may not be required to attend the

taking of depositions. This custom is not a strict rule of law, binding in all cases, as if enacted by statute. On the contrary it is a rule of the courts established for convenience. It may be dispensed with if a reasonable necessity for disregarding it exists. Perhaps the most proper course is, when such necessity exists, to apply to the court for leave in the case to take the deposition; and upon due notice and sufficient cause shown the court will grant the application.

Here no such leave was granted; the plaintiff's counsel objected, and appeared under protest. By such appearance he did not waive his right to object to the deposition. On the trial when the deposition was offered he objected to its admission. It was then for the court to consider the circumstances under which it was taken, and under which the plaintiff appeared to cross-examine, and to determine whether the objection was reasonable. This was a matter strictly within the discretion of the county court. They rejected the deposition, and their decision we cannot revise.

Judgment affirmed.