## E. P. NORCROSS v. GEO. W. WELTON.

### Pleading. Trespass. Variance.

1. To constitute a variance between a declaration and the proof, there must be a clear discrepancy between the averments and the plaintiff's proof.
2. Certain averments were properly construed as referring to the time when the suit was brought, and not to the time when the trespasses were committed.

TRESPASS quare clausum fregit, with counts in case, brought for injury done by the defendant's cattle trespassing upon the plaintiff's land, and also to recover damages suffered by plaintiff in consequence of defendant's neglect to support his proportion of the division fence. Plea, general issue. Trial by jury, June Term, 1885, Orange County, ROWELL, J., presiding. Verdict for the plaintiff. The exceptions stated: "It also appeared that the one [farm] upon the east was known as the Flanders farm, and that the plaintiff had resided upon it

prior to the time of bringing this suit." The farm on the west was sometimes called the Hill farm. The first count alleged that the defendant, " on, to wit, the first Tuesday in June, A. D. 1876, * * * broke and entered the plaintiff's close, situate in * * * it being a part of the home farm of," etc. The second count alleged that the parties "were, and ever since have been, adjoining land owners, and have a division line fence duly divided according to law, which separates the home farm of the said E. P. Norcross from the land of," etc. The suit was brought in December, 1881. The other facts are sufficiently stated in the opinion.

*Roswell Farnham*, for the defendant.

The writ alleges that the trespasses were upon the home farm. The proof was that they were upon the Hill farm. If the Hill farm was not the home farm then there was a fatal variance. This is not a case of ambiguity and doubt, like *Walford* v. *Anthony*, 8 Bing. 74. It is more like *Harris* v. *Cook*, 8 Taunt. 538, where, in an action on the case for an excessive distress, the premises were averred to be in the parish of St. George the Martyr, Bloomsbury, and the proof was that the premises were in the parish of St. George, Bloomsbury, the variance was held to be fatal.

The case should have been left to the jury, so that they could find the fact whether the Hill farm was the home farm of the plaintiff during the time when the trespasses were committed and at the time the suit was brought. And we claim that if they had found such not to be the fact, but that the Flanders farm was the home of the plaintiff during that time, the verdict should have been for the defendant.

*George A. & A. M. Dickey*, for the plaintiff.

The words " being the plaintiff's home farm " may be treated as surplusage, and the declaration is sufficient. *Cross* v. *Richardson*, 30 Vt. 641.

It was a question of fact for the jury to find whether the

farm where the trespasses were committed was the home farm; and the exceptions show that the plaintiff's testimony tended to prove that it was. Therefore the verdict has settled the question in favor of the plaintiff; and it is difficult to see upon what ground the defendant claims a variance. *West* v. *Emery,* 17 Vt. 583.

The opinion of the court was delivered by

VEAZEY, J. The holding of the County Court, in the instructions to the jury, that the allegation in the several counts of the declaration to the effect that the close which was broken and entered was the home farm of the plaintiff, had reference to the time the suit was brought, and not the time when the trespasses were committed, was correct. That the pleader so intended is indicated where, referring to the division fence, he says, which " *separates* the home farm of * * * from the land of," etc.

The declaration in all the counts alleged that the parties were owners of adjoining lands, and that there was a division fence between the home farm of the plaintiff and the adjoining land of the defendant, etc.

It appeared that the defendant's land was between and adjoining two farms of the plaintiff, one on the east and one on the west. The trespasses were on the farm west of the defendant's land. The plaintiff's evidence tended to show this was his home farm, and that he lived upon it when the trespasses were committed. The evidence of the defendant tended to show that he lived on the other farm during that time and when the writ was made, and that that was the home farm. It was under these circumstances that the claim of variance between the allegations and proof was made by the defendant. The court held there was not a variance if the jury should find that the farm on the west could be fairly designated and called the home farm, and was accustomed to be so called, although the plaintiff did not live upon it when the writ was made.

The defendant cannot avail himself of his own evidence upon

which to base a claim of variance. *Curtis* v. *Burdick et al.*
48 Vt. 166. As the plaintiff alleged the trespasses to have
been upon his *home farm* he was óbliged so to prove it, and
such in effect were the instructions to the jury. The defendant's
evidence raised an issue as to which was the home farm. If
he had prevailed on that issue he would have had a verdict
under the charge. As said by ALDERSON, J., in *Walford* v.
*Anthony*, 8 Bing. 74: " A variance can only be when there is
a clear discrepancy between averment and the plaintiff's proof.
If there is an ambiguity in averment, the difference cannot be
clear, because the proof may be true in one sense." In this
case there was no clear discrepancy between the averment and
the plaintiff's proof.

Judgment affirmed.