H. F. PATTON v. GARDINER BROTHERS.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON and WATSON, JJ.

Opinion filed November 20, 1899.

*Sale—Mutual promises a consideration for each other*—The defendants being indebted to the. plaintiff, orally offered to sell him a monument for $125, to apply on account. The plaintiff said, "I will take it." It not appearing that the plaintiff misunderstood the offer, the promises were mutual and a consideration for each other, and made a bargain and sale.

*Sale—Passing of title as between parties*—As a future application of the price was not contemplated, the contract applied it at once ; and as the monument was thereby paid for, and nothing remained to be done but for the plaintiff to take possession of it, the title passed as between the parties without delivery.

ASSUMPSIT. Plea, general issue. Trial by referee. Hearing on report, Washington county, March Term, 1899, *Thompson*, J., presiding. Judgment for the plaintiff. Defendants excepted.

The referee found the defendant indebted to the plaintiff in the sum of $247.51. One of the items in dispute was a credit of $125, which the defendants asked on account of a monument that they claimed to have sold to the plaintiff. The referee reported the facts in respect to this item, and disallowed it on the ground that on the facts there was as matter of law no sale of the monument. The facts in relation to this item, found by the referee, are. stated in the opinion.

*H. William Scott* for the plaintiff.

*John W. Gordon* for the defendants.

ROWELL, J. The defendants offered to sell a monument to the plaintiff for $125, to apply on account. The plaintiff said, "I will take it." There was no delivery, but the monument remained in the defendants' possession till it was attached in this

suit. The defendants considered it a sale and a payment of so much, but the plaintiff did not so consider it. But there was an offer and an unconditional acceptance, identical with the terms of the offer, made, for aught that appears, with the intention on both sides of creating or changing legal relations. Had it appeared that the plaintiff misunderstood the offer, the promises, being oral, would not have been mutual, and therefore would not have been a consideration for each other. Thus, if the plaintiff had accepted the offer thinking the price to be $100, there would have been no sale, for then the defendants' promise would have been, " We will sell you this monument for $125," but the plaintiff's would have been, " I will give you $100." But as it does not appear that the plaintiff misunderstood the offer, nor thought it different from what it was, his acceptance must be construed to be an acceptance of it as it was in fact made, and therefore the promises were mutual, and a consideration for each other, and made a bargain and sale.

As a future application of the price was not contemplated, the contract was effective to apply it at once as part payment of the account, *Jewett* v. *Winship*, 42 Vt. 204 ; and as the monument was thereby paid for, and nothing remained to be done but for the plaintiff to take possession of it, the title passed as between the parties. *Fletcher* v. *Howard*, 2 Aik. 115 ; *Bemis* v. *Morrill*, 38 Vt. 153.

No question arises under the Statute of Frauds, as the testimony to prove the contract was received without objection.

*Judgment reversed, and judgment for the plaintiff for the amount found his due, less said sum of $125, applied as of the date of its payment.*