JAMES E. FITZSIMONS *v.* RICHARDSON, TWIGG & COMPANY.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 21, 1912. .

*County Court—Discretion—Taking Case Out of Rules—Depositions Taken in Term Time—Reception—Clerical Error in Certificate—Motion by Both Parties for Directed Verdict—Effect—Neither Party Wishing to go to Jury—Effect—Contracts—Rescission—General Assumpsit—Variance—Specification.*

The trial court in its sound discretion may take a case out of County Court Rule No. 22, prohibiting the use in evidence of depositions taken in term time.

Where plaintiff did not attend the taking of certain depositions, but the authority before whom they were taken, in the formal certificate attached to each, certified that "the adverse party was notified and did attend," which nobody claimed to be correct, and in the heading of each deposition it was certified that nobody appeared for plaintiff, the trial court properly held that the failure to insert "not" in the certificates was a mere clerical error, not rendering the depositions inadmissible, and, as they went to the jury in their true character, the clerical error was harmless to plaintiff.

Plaintiff's exception to the direction of a verdict for defendant and to the rendition of judgment thereon reserves the question of whether the evidence, viewed in the light most favorable to plaintiff, fairly and reasonably tends to sustain his claim.

When, in the trial of a civil case by jury, it affirmatively appears that neither party wishes to go to the jury the court should direct such a verdict as in its judgment the evidence requires.

The mere fact that each party in the trial of a civil case by jury moves for a directed verdict does not make it the duty of the court to direct a verdict one way or the other, on the theory that it affirmatively appears that neither party wishes to go to the jury; for a party who claims that all the evidence is his way does not thereby waive the right to claim that, at least, some of it is his way, and that right is not affected by the fact that the other party moves for a directed verdict.

Where plaintiff bargained with defendants for a fur coat for $240, which he paid and took the coat, and that proved so unsatisfactory that he returned it for repairs, which failing to make the coat satisfactory, defendants took it, and agreed with plaintiff to make him a new one, which would be first-class in every respect, for $37.50 in addition to what he had already paid, and when the second coat was offered it was not as bargained for and was not accepted, and defendants refused to furnish a new coat as agreed, the bargain for the new coat was a rescission of the original contract by mutual agreement, and plaintiff could recover the $240 under the general counts in assumpsit, regardless of his right to rescind the original contract, or of anything affecting his rights thereunder.

No questions of variance can be considered on review excepting those "affecting the right of the matter," or such as were raised and passed upon below.

In general assumpsit, in the common counts only, with specification seeking to recover $240 as the purchase price of a coat which it appeared plaintiff had bought of defendants, where the question throughout the trial was whether plaintiff was entitled to recover that amount on any ground, there could be no variance between the declaration proper and the evidence.

In dealing with questions of variance not "affecting the right of the matter," the trial court has discretionary power, which cannot be exercised *pro forma*.

GENERAL ASSUMPSIT.   Pleas, the general issue, payment, and accord and satisfaction.   Trial by jury at the September Term, 1911, Franklin County, *Waterman*, J., presiding.   At the close of all the evidence each party moved for a directed verdict.

Verdict directed, *pro forma,* for the defendants, and judgment thereon.    The plaintiff excepted.    The opinion states the case.

*N. H. Post* and *Elmer Johnson* for the plaintiff.

*C. G. Austin & Sons* for the defendants.

HASELTON, J.    This is general assumpsit.    Trial was by jury.    Verdict and judgment were for the defendants.    The plaintiff excepted.

The trial was at the September Term, 1911.    Some depositions were taken in New York in the April previous, and before the close of the March Term.    The plaintiff did not attend the taking of the depositions and objected to their being read in evidence.    The court overruled the objection, and the plaintiff excepted.    Two grounds of objection are relied on in the plaintiff's brief.    The first is:    That they were taken in term time, and No. 22, of the County Court Rules, is invoked.    But this rule may be enlarged, when it ought to be, under the provisions of Rule 52, and here it appears that the county court looked very fully into the situation and circumstances and admitted the depositions, as matter of discretion, although the former term had not finally adjourned when they were taken.    No abuse of discretion appears.    It is not claimed that the statutory provisions with regard to notice were not complied with.

The plaintiff refers to *Bemis* v. *Morrill,* 38 Vt. 153.    But that case upholds the discretion of the court in the matter of receiving or rejecting a deposition taken in term time, although there the court in the exercise of its discretion had rejected a deposition so taken.

The plaintiff also refers to *Stevens* v. *Thompson,* 28 Vt. 77. There a deposition was taken Saturday evening, on notice given verbally, at half past four o'clock, in the afternoon of the same day.    The court was in session, and the case in which the deposition was taken was to come on for trial on the Monday following. The adverse party was unable to procure the attendance of his counsel at the taking of the deposition, and appeared and objected to the taking of the deposition on that account.    The deposition was excluded, and it was held that it was properly rejected.    On the facts that appeared there was no room for the exercise of discretion.    But it is well settled that, where the facts permit, a

sound discretion may be exercised notwithstanding the rule, and notwithstanding the practice prior to the formal adoption of the rule. *McNeish* v. *Hulless Oats Company*, 57 Vt. 316, 323; *First National Bank* v. *Post*, 65 Vt. 222, 226; *Bemis* v. *Morrill*, 38 Vt. 153; *Hough* v. *Lawrence*, 5 Vt. 299.

The second ground of objection to the reading of the depositions is: That the authority taking the depositions falsely certified that the plaintiff attended. The certificate attached to each deposition followed our statutory form, P. S. 6266, Form 31, and closed by saying that "the adverse party was notified and did attend." Nobody claimed that this was correct for the certificate should have read "did not attend." But in a heading relating to, and attached to, all the depositions the authority taking them certifies that nobody apeared for the plaintiff; and as the matter stood the county court considered that the failure to insert the "not" in the certificates was a mere clerical error, and did not render the depositions inadmissible. In this regard we think the court was right, for it did sufficiently appear that the error was merely clerical; and as the depositions went to the jury in their true character the plaintiff suffered no harm by the clerical error.

At the close of the evidence each party claimed that a verdict should be directed in his favor, and filed a motion to that end. The court made a *pro forma* order directing a verdict for the defendants, and, such verdict being returned, rendered a *pro forma* judgment thereon. To the direction of the verdict and to the judgment thereon the plaintiff excepted. The exception raises the question of whether there was evidence fairly and reasonably tending to sustain the plaintiff's claim. *Comeau* v. *Manuel & Sons Co.*, 83 Vt. 501, 509; *Bass* v. *Rublee*, 76 Vt. 395.

The defendants claim that because of the two motions it was the duty of the court to direct a verdict one way or the other. But this claim is unsound. Where it affirmatively appears that neither party wishes to go to the jury it is for the court to direct such a verdict as in its judgment the evidence requires. *Davis* v. *St. Albans*, 42 Vt. 585; *Robinson* v. *Larabee*, 58 Vt. 652; *Taylor* v. *Coolidge*, 64 Vt. 506; *Mascot* v. *First National Fire Ins. Co.*, 69 Vt. 116.

There is nothing novel about this practice for the parties in civil cases can always by agreement substitute the court for the jury.

But the mere fact that each party to a cause moves for a verdict in his favor does not amount to a consent that the case shall be taken from the jury. One who claims that the evidence is all his way does not waive the right to claim that, at least, some of it is his way, and that right is not affected by the fact that the other party moves that a verdict be directed in his favor. *Woodsville etc. Bank* v. *Rogers,* 82 Vt. 468.

We have then to consider whether the defendants' motion for a verdict was properly granted in view of the tendency of the plaintiff's evidence. The plaintiff bargained with the defendants for a "Persian lamb coat" to be like a sample selected by the plaintiff. The defendants furnished a coat which appeared to the plaintiff to meet the requirements of the bargain, and the plaintiff accepted it and the agreed price, $240, was paid. Whether or not the coat was like the sample was not made an issue. There was no evidence of fraud in the sale, nor was there any evidence that the coat was worthless.

The plaintiff's evidence tended to show the following facts: The plaintiff's wife wore the coat two seasons and began wearing it a third season when it developed numerous defects. Thereupon the coat was taken to the defendants and shown to Mr. Doolin, a member of the defendant firm, and the defects were pointed out to him. He took it and twice sent it to New York for repairs. Repairs were made which however did not make the coat satisfactory. Thereupon the defendants, through Mr. Doolin, took the old coat and promised to make the plaintiff a new coat and took measurements therefor. At the time the measurements were taken for the new coat, Mr. Doolin explained that the price of fur had advanced and it was agreed that the plaintiff should have a new coat and should pay for it $37.50, in addition to what he had already paid. This did not mean that the plaintiff was to have a new coat in addition to the old coat, but that the old coat, originally returned for repairs, was taken back by the defendants, and that the money paid therefor was to be applied towards the payment for a new coat. This was a rescission of the original sale by mutual agreement; and this being so it matters not that the defects in the first coat were not sooner complained of, nor that there was no fraud, nor that the first coat was like the sample, nor whether the parties could be put in their former situation, nor whether for any reason the plaintiff had the right of rescission. The parties to a trade may,

by mutual consent, rescind it for a poor cause or for no cause. If they are satisfied the law is satisfied. *Blood* v. *Enos,* 12 Vt. 625, 629; *Davenport* v. *Cromwell,* 79 Vt. 419, 434; Williston's Wald's Pollock on Contracts, 815.

Though it should seem that an executory agreement to rescind an executed contract requires a consideration, the question is not here involved, for the agreement to rescind which the plaintiff's evidence tended to show, did not remain executory, since the evidence tended to show that the defendants took back the old coat in pursuance of the agreement.

There was evidence with regard to the second coat, and the doings with regard to it, of the following purport:

The second coat it was agreed should be first-class in every respect. When the second coat was offered it was found to be defective and different from the coat bargained for in the character and kind of skins used. It was not accepted but was promptly returned to the defendants with notice that it was not accepted. Mr. Doolin said to Mrs. Fitzsimons that he was going to New York, in a few days, and that she would hear from him. He told her in substance that he wouldn't accept the coat if he was in her place. She left the coat with him, but has never heard from him. Mr. Fitzsimons called Mr. Doolin up over the telephone and asked him, what he was going to do about that coat? Mr. Doolin replied to the effect that he wasn't going to do anything about it, that it was that coat or nothing. Mr. Fitzsimons said: "I shall call on you for my money for the coat." Time went on, a year or so, the defendants did nothing about the coat, and this suit was brought.

Mr. Doolin testified in substance that he took the second coat to New York, and that he notified the plaintiff that the defendants were through with the matter. The evidence tended to show that the defendants repudiated their obligation with respect to furnishing a new coat, and so gave the plaintiff a right to sue for and recover the $240 which, after the rescission of the first contract, they had kept under an agreement to apply that sum towards the price of a new coat which was never furnished through their fault.

This state of facts, which the plaintiff's evidence tended to show, gave the plaintiff a right to recover back the $240 under the money counts in general assumpsit. *State* v. *St. Johnsbury,* 59 Vt. 332; *Packer* v. *Britton,* 35 Vt. 188; *Packer* v. *Stewart,* 34

Vt. 127, 153; *Hemenway* v. *Smith,* 28 Vt. 701, 708; *Way* v. *Raymond,* 16 Vt. 371; *Colgrove* v. *Fillimore,* 1 Aik. 347.

We have considered the evidence in the light most favorable to the plaintiff, as must always be done when a case is taken from the jury by the direction of a verdict for the defendant. *Morris* v. *Trudo,* 83 Vt. 44, 25 L. R. A. 3. On vital questions the evidence was contradictory.

The defendants in particular claimed that, while·they sold the first coat, the plaintiff's agreement with regard to the second coat was with a New York house, Messrs. J. P. Cohen & Bro. who made, or procured to be made, both coats, and whose .customers the defendants had for a long time been; and that by the agreement the old coat went to Cohen & Bro., and that in further consideration for the new coat $65 in money was to be paid to Cohen & Bro., that is, $37.50 by the plaintiff and $27.50 by the defendants.

One ground of the defendants' motion for a verdict was that there was a variance between the declaration and the evidence. There was no variance between the declaration proper and the evidence, for the declaration was in the common counts only. The plaintiff's specification was for $240 paid to the defendants in the fall of 1907, or the early part of 1908. It was specified that the money was paid for a fur garment described in the specification as "worthless." But throughout the trial the question made was whether the plaintiff was entitled to recover the $240 on any ground, and the word "worthless" in the specification might well be treated as surplusage or the specification be treated as amended to correspond to the issues actually made. *Greenwood* v. *Smith,* 45 Vt. 37; *Phelps* v. *Conant,* 30 Vt. 277; *Hicks* v. *Cottrill,* 25 Vt. 80, 86.

If then we assume that the specification may be treated as a part of the declaration in considering the motion on the ground of variance, there is no variance "affecting the right of the matter," for whatever the effect of the transactions referred to, as the plaintiff's evidence tended to show them, he was seeking to recover back the money originally paid as the purchase price of the fur coat referred to in the specification. This being so no questions of variance can be heard here except such as were "raised and passed upon in the county court." P. S. 1986; *Gibson* v. *Wheldon,* 82 Vt. 176; *Dano* v. *Sessions,* 65 Vt. 79;

*Holdridge* v. *Holdridge's Estate,* 53 Vt. 546; *Morey* v. *King,* 49 Vt. 304.

What the defendants say. in their brief in support of the motion on the ground of variance is that there is no proof of the promise declared upon. That the ''proof is that a different coat from that declared on was sold to the plaintiff in 1910 for a different consideration, namely the return of the old coat and the payment of $37.50 by plaintiff and $27.50 by defendants, and it is not claimed to be worthless.''

The defendants are here arguing on their claim as to the evidence, which contradicts the claim and evidence of the plaintiff, for the payment of $27.50 by the defendants to the plaintiff or to Cohen & Bro. or to anybody else was not provided for in the agreement which the plaintiff's evidence tended to show. In such circumstances no question of variance arises. *Norcross* v. *Welton,* 59 Vt. 50; *Curtis* v. *Burdick,* 48 Vt. 166.

Besides, the question of variance here argued, though raised in the county court, was not ''passed upon'' there, within the meaning of the statute, for the proceedings on the motion, containing various grounds, were entirely *pro forma,* and in dealing with a variance not ''affecting the right of the matter'' the court has a discretionary power, and such power cannot be exercised *''pro forma.''* *Ainger* v. *White's Admx.,* 85 Vt. 446, 82 Atl. 666; *Lincoln* v. *Central Vt. Ry. Co.,* 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998; *Massucco* v. *Tomassi,* 80 Vt. 186; *State* v. *Newell,* 71 Vt. 476, 45 Atl. 1045; *Ranney* v. *St. Johnsbury & Lake Champlain R. R. Co.,* 67 Vt. 594, 32 Atl. 810; *Johnson* v. *Shumway,* 65 Vt. 389, 26 Atl. 590.

All other questions raised and argued are either governed by the holdings thus far made or are rendered immaterial by them.

*Pro forma judgment reversed and cause remanded.*