THOMAS MILLER *against* HENRY GOOLD.

After complaint made for the non-entry of an appeal, and prayer for affirmation of the judgment in the Court below, with additional damages and costs, the Court will, on motion, allow the appeal to be entered under a rule.

RULE to show cause.

On the *third day* of the term, *Miller* filed his complaint for the non-entry of an appeal taken by *Goold* from the judgment of the County Court, and prayed for the affirmation of the judgment in the Court below, with increase of damages and additional costs, under the 4th section of the judiciary act, which enacts, "That when any person shall appeal from

Miller v. Goold.

the judgment of any County Court as before-mentioned, and shall neglect to enter and prosecute his appeal to effect in manner as is before provided, the appellee in such case may enter his complaint in the Court to which such appeal was taken, and producing attested copies of the judgment and evidence necessary for that purpose, the said Court shall affirm the original judgment with additional costs, and allow to the appellee interest on the debt or damages so by him recovered as increase of damages, occasioned by the appellant's delay, at the rate of twelve per centum per annum."

And now, before the affirmation of judgment,

*Walker*, counsel for *Goold*, moved a rule upon *Miller* to show cause why he should not have leave to enter his appeal.

Rule granted.

—— —— showed cause, and insisted, that by the rules of the Court no appeal could be entered after the first day of the term, which, by the indulgence of the Court, had been construed to extend to the opening of the Court on the second day; that if the appellant neglects to enter by the time prescribed, it is conclusive that he does not intend to further prosecute; that the adverse party, under the statute, may then enter his complaint, stating his opponent's neglect, and praying for affirmation of the judgment in the Court below, with increase of damages and additional costs. That this process by complaint does not contemplate the appellant's being in Court; it allows him no day in Court, and was provided expressly in case of his non-appearance and neglect, to

enter his appeal. That it would defeat the rule of the Court, as well as do away the intent of the statute, and certainly would subject the appellee to great costs and inconvenience, to be kept day after day with counsel and witnesses attending, in a state of perilous uncertainty, to know if the appellant intended to enter his appeal, and the cause was to be tried, or whether the appellant intended to abandon the prosecution of his appeal.

That this embarrassment in the appellee would be greatly increased, if, after having entered his complaint, a rule of this nature could be made absolute against him; for when the day of entry of the appeal had passed, and especially when he had entered his complaint, and filed copies of the case, he might surely, as in the present case, dismiss his witnesses, discharge his counsel, and rely upon the affirmation of his judgment, with increase of damages and additional costs, which under the statute is a mere matter of course.

*Walker*, *e contra*. We should not press the rule if the entry had been delayed through mere inattention; but we have affidavits to show that the parties had contemplated an accommodation of the suit; and that these adversaries, with a benign spirit which we trust will meet the approbation of the Court, were endeavouring to "*agree by the way*," until the day of entry of the appeal had elapsed.

*Per Curiam.* The statute does not designate any day of the term on which an appeal shall be entered. The entry must therefore be subjected to the general rules of the Court, and these rules must be so ap-

Miller v. Goold.

Vide vol. 1. p. 479.

plied as to correct, and not essentially to injure parties. The rule of *August* term, 1790, has been frequently departed from by the express decision of the Court, as in *Bennet* v. *Whitney*, *January* term, 1801. (Vide *ante*, vol. 1. p. 59.) In this case the entry was allowed on the third day of the term, as it appeared that the appellant had been delayed in his attendance at Court, through the inclemency of the season. Here it appears there has been some conversation respecting a settlement of the suit. If the appellant is desirous of having his cause adjudicated in this Court, he must not be deprived of this privilege, through a rigid adherence to our general rules. If the appellee has been put to costs, or suffered otherwise by the appellant's laches, the Court will consider it, and compensate him in their judgment upon the rule.

Let the rule be made absolute, and the appellant have leave to enter his appeal under a rule that he tax no costs for this term.

Rule made absolute.

*Samuel Walker*, for the appellant.
—— ——, for the appellee.