# GEORGE RANNEY, ADMR. OF RUTH RICHARDS,.

## v.

## ST. JOHNSBURY & L. C. RD. CO.

CALEDONIA COUNTY, MAY TERM, 1893.

*Negligence. Railroad company. Evidence. Overruling motion pro forma.*

1. The action being for the alleged negligence of the defendant resulting in the death of the plaintiff's intestate, it is not error to allow the physician who attended the intestate to testify that he has received no compensation for his services. from any source, nothing further appearing.

2. It is within the discretion of the trial court to permit the plaintiff to bring out, upon the cross-examination of the defendant's witness, matters which, in the then state of the case,. could be properly shown in rebuttal.

3. Where a ruling is within the discretion· of the trial court, it will be presumed to have been made as a matter of discretion, unless the contrary affirmatively appears.

4. If a question asked upon re-examination is not in explanation. or avoidance of anything brought out in cross-examination,. the trial court may in its discretion exclude it.

5. The train bearing the intestate arrived from the east. Passengers from that train alighted upon a platform about six feet wide, and from thence passed .across another· track of the defendant to the station platform. Just as the passengers. upon this train were alighting, another train of the defendant from the west drew in upon the track between the narrow platform and the station platform, and the intestate was in some unexplained way drawn under the wheels of the latter train. There was an unusual crowd upon the:

platforms that morning, and the trains did not arrive upon schedule time.   *Held,* that evidence that other railroads at certain specified points employed a similar arrangement of tracks and discharged passengers in the same way, was properly excluded.

6.   One question being whether the intestate voluntarily incurred the danger from which she suffered, while under the reasonable apprehension of a real or apparent peril, evidence that just before her own accident another person in attempting to cross from the narrow platform to the station had narrowly escaped being run over by the same train which injured her, and that the episode had been attended with considerable noise and confusion, is admissible.

7.   Where a motion is addressed to the discretion of the county court, it is reversible error to overrule it *pro forma,* for the party making it is entitled to have the court exercise its discretion.     So held of a motion to set aside a verdict for that the damages were excessive.

Case for the negligence of the defendant.   Trial by jury at the December term, 1892, Caledonia county, Ross, C. J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepts.

The plaintiff brought suit as the administrator of one Ruth Richards for the alleged negligence of the defendant in the operation of its railroad resulting in the death of his intestate.

It appeared that the defendant's railroad running east and west connected at St. Johnsbury with the Connecticut & Passumpsic Rivers railroad, running north and south, and that by an arrangement between the two companies the defendant was then using the station platform and tracks of the Connecticut & Passumpsic Rivers railroad at that point for its passenger traffic.   In front of the station was a wide platform extending the whole length of the same, and next to this was the main line of the Passumpsic railroad.   Directly across this track and to the east of the station platform was a narrow platform about eight inches above the top of the rail, seven and one-half feet wide and extending about one hundred and twenty feet north and south.   Directly east of this

platform was still another track. The cars upon these tracks projected over the narrow platform upon either side from two to four inches.

At the time of the accident the mail train on the Passumpsic railroad from the north was due at St. Johnsbury at 9 :06 A. M., the mail train on the defendant's railroad from the east at 9 :08 A.M., while a mixed train upon the defendant's railroad from the west was due at 8 :55 A. M. Ordinarily the defendant's mail train from the east drew in upon the track east of the narrow platform and discharged its passengers upon that platform ; while the mail train upon the Passumpsic road drew in upon the main line beside the station platform.

Upon the morning of the accident the intestate came to St. Johnsbury on the defendant's mail train from the east, intending to take the Passumpsic mail toward the south. Both the Passumpsic mail and the defendant's mixed train were behind time. When her train arrived it drew up upon the east side of the narrow platform and discharged its passengers upon that platform as usual. Owing to some gathering in St. Johnsbury at that time, both the platforms around the station and the trains arriving were unusually crowded.

Upon the arrival of the defendant's train from the east, the intestate alighted with her daughter upon the narrow platform with the other passengers and passed toward the north end for the purpose of crossing over to the station platform at that point. Just at this time the defendant's mixed train from the east arrived and drew in upon the main line between the narrow platform and the station platform, and the intestate in some manner not explained, was pushed, or fell, under the moving cars, and received the injuries from which she subsequently died.

The plaintiff claimed that the defendant was negligent in operating its trains in the manner it did on that morning by drawing in its train from the west on the main line while so many persons stood on the narrow platform, and in allowing

the passengers to disembark upon the narrow platform without notice to remain in the cars and in not taking proper measures to notify persons upon the narrow platform of the approach of the mixed train.

The plaintiff offered the testimony of Cephas Hill to the effect that he arrived on the same train with the intestate and alighted from a car at about the same time she did and attempted to pass over from the narrow platform to the station platform; that just as he was about to step onto the station platform he became conscious that an engine was near him and that he was dragged from the track onto the platform, and that the engine just brushed him as it passed; that this was the engine on the defendant's mixed train, being the same train by which the intestate was killed. The defendant objected to the introduction of this testimony for that it was immaterial, and excepted to its admission.

The defendant moved to set aside the verdict for that the damages were excessive. The court *pro forma* overruled this motion, to which the defendant excepted.

The other points raised by the exceptions and passed upon by the court sufficiently appear in the opinion.

*S. C. Shurtleff* and *C. A. Prouty* for the defendant.

The evidence of Cephas Hill was improperly admitted. What happened to him was entirely collateral and had no tendency to support any issue in the case. 1 Green. Ev., ss. 52, 448; 1 Best, Ev., p. 475, s. 225; *Blanchard* v. *Putnam*, 8 Wall. 420; *Hathaway* v. *Tinkham*, 148 Mass. 85.

Testimony tending to show that other railroads at other points continually operated their trains in the manner claimed to have been negligence upon this occasion, should have been admitted. The question was whether the defendant acted with reasonable prudence, and certainly the common practice of other companies had some bearing upon this issue. 1

Shear. & Red., Neg., ss. 11, 12; *Calkins* v. *City of Hartford*, 33 Conn. 57; *Darling* v. *Westmoreland*, 52 N. H. 401; *Bradley* v. *B. & M. Rd. Co.*, 2 Cush. 539; *Shaw* v. *B. & W. Rd. Co.*, 8 Gray 45.

The court should have considered the defendant's motion to set aside the verdict, and the exception by the defendant raises this question. *Farrant* v. *Bates*, 60 Vt. 37.

*W. P. Stafford* for the plaintiff.

The testimony of Cephas Hill was properly admitted. It was in the nature of an experiment which enabled the jury to understand the condition of things at that point. *Kent* v. *Lincoln*, 32 Vt. 591, 597; *Walker* v. *Westfield*, 39 Vt. 246.

Upon the question of whether the intestate conducted herself with due prudence, the whole condition of things as presented to her, and as it struck other persons who were present, were admissible. *Galena, Etc. Rd. Co.* v. *Fay*, 63 Am. Dec. 323; *St. Louis, Etc. Rd. Co.* v. *Murray*, 29 Am. St. Rep. 32; *Hemmingway* v. *Chicago, Etc. Ry. Co.*, 7 Am. St. Rep. 823.

The offer to show that other railroads managed their trains in the same manner as these trains were managed upon the morning of the accident, did not contain an offer to show that the use and conditions were similar; hence it was properly excluded. *George* v. *Haverhill*, 110 Mass. 506, 508, 512; *Berkshire, Etc. Co.*, v. *Proctor*, 7 Cush. 417; *Lewis* v. *Smith*, 107 Mass. 334; The Flagman Case, 107 Mass. 496; *Hinckley* v. *Barnstable*, 109 Mass. 126; *Haynes* v. *Burlington*, 38 Vt. 350.

MUNSON, J. It appears from the exceptions that the defendant presented certain requests to charge, and that these requests were not complied with further than will appear from a transcript of the charge, which is referred to. No

·copy of the charge having been furnished us, the questions raised upon it cannot be considered.

The physician who attended the deceased was produced as a witness by the plaintiff, and testified on inquiry that he had received no compensation for his services from the railroad ·company or anyone else.    It is not shown that anything fur-·ther appeared concerning his employment or the presentation of an account.    The testimony was immaterial, and, standing ·alone, cannot have prejudiced the defendant.

It does not appear that the objection to the inquiries made ·of the witness Ward was disposed of otherwise than as a matter of discretion.    It was within the discretion of the court to ·permit the plaintiff to prove matters pertaining to his case in ·connection with the cross-examination.    The testimony al-·ready introduced by the defendant had made this evidence legitimate in rebuttal, and the court could permit its introduction before the defendant had rested.    The order of testimony, both as regards the examination of the particular witness and the general course of the trial, is within the dis-·cretion of the court.    *Pingry* v. *Washburn*, 1 Aik. 264 ; *Goss* v. *Turner*, 21 Vt. 437 ; *State.* v. *Magoon*, 50 Vt. 333 ; *State* v. *Hopkins*, 56 Vt. 250.

The question asked the witness Folsom in cross-examination was answered adversely to the examiner.    So the evidence which the defendant sought to introduce in re-examination was not in explanation or avoidance of anything obtained by the cross-examination.    It was nothing more than an attempt to take up again the line of the direct examination and carry it to a further point.    The refusal to permit this was not error.

The defendant excepted to the refusal of the court to receive proof that at four other points in New England the arrangement of tracks, and the method of drawing up trains for the discharge of passengers, were, and had been for years, sub-·stantially the same as at the place of the accident.    As the

case stands, it is not necessary to determine whether the use of the same arrangements and methods in certain specified places may be shown, as tending to establish proper care on the part of the defendant.  The plaintiff made no question as to the propriety of the arrangement of the defendant's tracks, or the construction of its platform, or its practice in the discharge of passengers under ordinary circumstances.  His claim was that the conduct of the defendant was not what it should have been on the morning in question, in view of the increased danger resulting from the irregularity in the arrival of trains, and the unusual number of persons upon the platform.  It was claimed that under these circumstances the passengers should have been discharged elsewhere or notified to remain in the car until the other train was in, or that the other train should not have been brought in as it was when the platform was thus crowded, or that some one should have been stationed there to protect or warn the passengers standing on the platform.  The defendant's offer, if held to refer to the invariable practice as regards the movement of trains, did not, in terms, include the practice in regard to special precautions when trains are drawn up in the usual manner under circumstances of special danger; and we think the court below may properly have understood it to relate only to the established method of discharging passengers as dependent upon the arrangement of tracks.  The discharge of passengers from trains drawn up in the same way may have been practiced at the points named, on occasions when the space between the tracks was unusually crowded, in connection with the exercise of special precautions to guard against the dangers incident to the method in such circumstances. The proposed evidence did not contain all the elements needed to show a substantial similarity of management under substantially similar circumstances.  This was a sufficient ground for excluding it.

It is evident from the defendant's requests to charge that

the question whether the deceased voluntarily incurred the danger from which she suffered, while under the reasonable apprehension of a real or apparent danger, was one of the issues litigated.   This being so, the evidence of Cephas Hill was admissible.   Whatever would aid in placing before the jury the situation as it presented itself to the deceased was important in determining whether her conduct was negligent in the circumstances.   The movement of the incoming train, its effect upon the conduct of others, the noise and confusion which surrounded the deceased, were proper subjects of inquiry.   It was held in *Galena, etc., R. R. Co.* v. *Fay*, 16 Ill. 558; 63 Am. Dec. 323, that when the prudence of the person injured is in question, the conduct and exclamations of other persons exposed to the same danger may be shown.

The court erred in passing up the case upon a *pro forma* disposition of the motion to set aside the verdict on the ground that the damages were excessive.   The motion was addressed to the discretion of the county court, and the defendant was entitled to have that court exercise its discretion. *Dunn* v. *Pownal*, 65 Vt. 116.   The defendant can avail itself of this error under the exception taken.   *Farrant* v. *Bates*, 60 Vt. 37.

*Judgment reversed, and cause remanded for the correction of errors subsequent to the rendition of the verdict.*