STATE *vs.* VOLNEY NEWELL.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 28, 1899.

*Respondent's Appeal to County Court, when May Be Entered.*—A respondent who has appealed to the county court from the judgment and sentence of a justice, may enter his appeal on the first day of the term as matter of right, or may enter it at any later day during the term if the court in its discretion will permit him; and he has a legal right to have the court exercise its discretion. To refuse as matter of law to entertain his appeal is error.

COMPLAINT for intoxication. Heard on motion of the

respondent to be allowed to enter his appeal at the March term, 1899, Chittenden county, *Taft*, C. J., presiding. Motion denied. The respondent excepted.

*V. A. Bullard* for the respondent.

*R. E. Brown*, State's Attorney, for the State.

START, J. The respondent was convicted of the crime of intoxication before the Burlington city court and sentenced to pay a fine and costs of prosecution, and thereupon took an appeal to the March term, 1899, of the Chittenden county court. The court convened on the 8th day of March, 1899, and, on the 18th day of March, 1899, the respondent asked leave to enter his appeal. The court ruled that the appeal should have been entered on the first day of the term, and, as a matter of law, denied the respondent's motion. As we construe the exceptions, the court below ruled, as a matter of law, that the appeal could not be entered after the first day of the term. This was error. On the first day of the term, the respondent could enter his appeal as a matter of right, and the court, in its discretion, could have allowed him to do so at any time thereafter during the term. *Bennet* v. *Whitney*, 1 Tyler 59 ; *Miller* v. *Goold*, 2 Tyler 405. The respondent has a right to have the court below exercise its discretion and say whether, under the circumstances, he ought to be allowed to enter his appeal; and, for this purpose, the cause must be remanded. *Johnson* v. *Shumway*, 65 Vt. 389 ; *Ranney* v. *St. J. & L. C. R. R. Co.*, 67 Vt. 594.

*Exceptions sustained and cause remanded.*