IRENE MARIE MASSUCCO v. DOMINICO TOMASSI.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed August 6, 1907.

*Breach of Promise to Marry—Pleading—Venue—County—Jurisdiction—Evidence—Defendant's Pecuniary Condition—Marriage—Best    Evidence—Witnesses—Answers—Responsiveness—Admissibility—Harmless   Error—Objections  Not Raised   Below—Motion  to  Set  Aside  Verdict—Overruling Pro Forma—Actions—Joinder—Motion in Arrest—Grounds —Several Counts—General Verdict.*

The testimony of eyewitnesses to a marriage is better evidence thereof than the record authenticating it, as that may need further evidence to identify the parties.

The mere fact that the answer of a witness is not responsive does not make it inadmissible.

Where a party makes a motion addressed to the discretion of the court, he has a right to have the court exercise its judgment and discretion in disposing of it, hence it is error to deny such motion, *pro forma.*

A motion in arrest of judgment for that the counts in the declaration are not for the same cause of action, is not sustainable.

Where counts are for different causes of action, and some of them are bad, and the verdict general, with nothing to show on which counts the damages were assessed, a motion in arrest of judgment will lie.

Where a motion in arrest of judgment for that the counts in the declaration are not for the same cause of action, did not allege that any of the counts were bad, it did not present that question to the trial court, and therefore that question will not be considered by the Supreme Court in review.

In an action for breach of promise to marry, to meet defendant's claim that plaintiff refused to marry him, plaintiff was properly allowed to show that in answer to letters received by her in Italy

from defendant here, which she did not produce, they being still in Italy, and the terms of which she did not seek to establish, that she wrote to defendant, who, on notice to produce, denied having received such letters, that her father would not consent to their marriage; that he could write to her father, and, if he consented, everything would be all right.

In an action for breach of promise to marry, where defendant claimed that plaintiff refused to marry him, and plaintiff claimed that she wrote defendant that she would marry him, if her father consented, her testimony that, after leaving home because her father refused consent, her father sent word to her that, if she would return, he would consent, was harmless; it appearing that her father did subsequently consent.

In an action for breach of promise to marry, where the sole defence was no breach, and accord and satisfaction, any error in admitting testimony that defendant had promised a priest to marry plaintiff was harmless.

In an action for breach of promise to marry, where plaintiff, to show defendant's financial condition, introduced evidence of his declarations that he was worth from $20,000 to $30,000, some of which declarations having been made a considerable time before the promise to marry, it was error to restrict defendant's rebuttal testimony to the time of the promise.

In an action for breach of promise to marry, where plaintiff introduced evidence of defendant's declarations that he was worth from $20,000 to $30,000 when the promise was made in March, 1899, it was error to exclude defendant's evidence, offered in rebuttal, that in 1893 or 1894 the only property he and his then wife had was some real estate, of which she held the title, and some money; that in one of those years they leased a piece of land on which his wife built a store; that he bought goods with his money, amounting to between $4,000 and $5,000; that both the store and the goods were burned, without insurance; that, he owning no property and owing debts, they leased the property for a year or two; and that when they bought it, they had to mortgage it for $5,500 for the purchase money.

Where an excepting party objected to the admission of evidence on a specified ground, he will be confined to that ground in the Supreme Court.

An exception to a certain instruction to the jury, on the ground that there was no evidence to sustain it, will not be considered where, though a transcript of the evidence is referred to by the bill of exceptions, the transcript furnished this Court recites only a part of the evidence.

In an action for breach of promise to marry, where the declaration relied upon a contract made in Italy, to be performed there, and which was broken there, a failure to allege a right of action under the law of Italy did not go to the jurisdiction of the subject-matter, but only to the sufficiency of the declaration; for, the cause of action declared upon being transitory, the court had power to judge concerning the general question involved, and that was jurisdiction of the subject-matter, irrespective of the sufficiency of the declaration, or the existence of a good cause of action.

In an action for breach of promise to marry, made in Italy, to be performed there, and which was broken there, the omission in the declaration to lay the action in the county where the suit was brought, under a *videlicet*, did not affect the court's jurisdiction to try the case; for in this State that fiction does not designate the county from which the jury is drawn, but the place of trial is determined by statute.

ASSUMPSIT for breach of promise to marry. Plea, the general issue, and notice. Trial by jury at the March Term, 1907, Washington County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. This case has been once before in the Supreme Court, see 78 Vt. 188.

*A. M. Sartorelli, George W. Wing* and *H. C. Shurtleff* for the defendant.

It was error to exclude defendant's evidence offered in rebuttal of plaintiff's evidence of defendant's declarations as to his financial condition. *Casey* v. *Gill,* 154 Mo. 184; *Sprague* v. *Craig,* 51 Ill. 288; *Wilbur* v. *Johnson,* 58 Mo. 600.

As the declaration alleges no right of action under the law of Italy for breach of the promise relied upon, and as the promise, place of performance, and the breach are laid in Italy, the declaration discloses no right of action. *Stout* v. *Wood,* 1

Blackford (Ind.) 71; *Cherry* v. *Thompson,* 7 Q. B. 573; *Sawyer* v. *No. Am. Life Ins. Co.,* 46 Vt. 704; *McLeod* v. *Conn. & Pass. River R. R.,* 58 Vt. 735; *Needham* v. *G. T. R. R.,* 38 Vt. 308; *Pickering* v. *Fisk,* 6 Vt. 112; *Judge of Probate* v. *Hubbard,* 44 Vt. 597; *Vaughn* v. *Congdon,* 56 Vt. 118; *LeForrest* v. *Tolman,* 117 Mass. 109; *Mahler* v. *N. Y. etc. Co.,* 35 N. Y. 352; Stephens' Pl. 306; *Hale* v. *Lawrence,* 21 N. J. L. 714; *Eingartner* v. *Ill. Steel Co.,* 94 Wis. 70.

But when in a transitory action, it becomes necessary or expedient, as matter of description or otherwise, to state where the contract was made, or the cause of action actually arose, and the place thus stated is out of the country in which the venue is laid, then it is necessary to lay the venue under a *videlicit.* *Duychinck* v. *Ins. Co.,* 3 Zabr. (N. J. L.) 280; *Roberts* v. *Harmage,* Salk. 659; *Mastyn* v. *Fabrigas,* Cowp. 170.

Though the court will take judicial notice that the civil law is in force in Italy and is the basis of Italian jurisprudence, yet judicial notice will not be taken of the details of that law. *Banco de Sonora* v. *Banker's etc. Co.,* 95 N. W. (Iowa) 232; *Leach* v. *Pillsbury,* 15 N. H. 139.

*Lord & Carleton* and *Hale K. Darling* for the plaintiff.

Even had the defendant not contended that the plaintiff had refused to marry him, it would have been competent for the plaintiff to show that she had accepted defendant's proposal and that this acceptance was made known to him. *Weaver* v. *Bachert,* 2 Pa. St. 80, 44 Am. Dec. 159; *Adams* v. *Byerly,* 123 Ind. 368; *Green* v. *Spencer,* 3 Mo. 318, 26 Am. Dec. 672.

As bearing on the question of damages, it was proper for plaintiff to show her lack of pecuniary means. *Vanderpool* v. *Richardson,* 52 Mich. 336.

The injury to the plaintiff's health and feelings by reason of the defendant's breach of promise was proper to be shown on the question of damages. *Yale* v. *Curtiss,* 71 Hun. 436; *Reed* v. *Clark,* 47 Cal. 194; *Robinson* v. *Carver,* 88 Iowa 381; *Sherman* v. *Rawson,* 102 Mass. 395.

By pleading to the additional counts, the defendant has precluded himself from objecting that they are for different causes of action. *Luce* v. *Hoisington,* 56 Vt. 436; *Baker* v. *Sherman,* 73 Vt. 26.

*Venue* is that part of the writ indicating where the trial is to be had, and *venue* is necessary for no 'other purpose. *McKenna* v. *Fisk*, 1 How. 248; Gould's Pleadings, Ch. III, §§102, 103; Stephens' Pleadings, 280.

In the margin of the writ in the case at bar is the usual statement, "State of Vermont, Washington County, ss." As to the effect of thus laying the venue and of a variance between such venue and that in the body of the declaration, see 1 Chitty's Pl., 274; *Slate* v. *Post*, 9 Johns. 81; *Sharp* v. *Sharp*, 3 Wend. 280; *Alder* v. *Griner*, 13 Johns. 449. The venue in the margin of this writ ought to be given due force, in view of the fact that under our practice the writ and declaration are part of the same instrument, and one can be referred to in aid of the other. *Church* v. *Westminster*, 45 Vt. 380; *Moultrop's Admr.* v. *School Dist.*, 59 Vt. 381.

The omission' of a venue is but matter of form and the only way to take advantage of it is by special demurrer. *Bodwell* v. *Parsons*, 10 East. 359; *Briggs* v. *Bank*, 5 Mass. 94.

ROWELL, C. J.   The original declaration contains but one count, which alleges with time but not with place, that the defendant promised to marry the plaintiff. It then alleges that at such another time, at such a place in Italy, for the purpose of deceiving the plaintiff, the defendant had the marriage ceremony performed by a priest in a Roman Catholic church, which was not a legal marriage, as the defendant well knew, and that he then and there promised to have a civil marriage performed; and afterwards, at divers times, changed the time and place of having said marriage performed; at one time promising to have it performed at Boston; at another, at Montpelier; and finally, at such another time, but stating no place, he refused to have it performed at all, and married another woman.

Several new counts were filed. Some laid the whole cause of action in Italy; some, part of it there and part of it in New York; and some, all of it at Montpelier, where the parties lived when suit was brought. The case was tried on all the counts.

The defendant admitted that he promised to marry the plaintiff, and said that he was ready and willing, and repeatedly offered, to marry her, but that she would not marry him. To meet this claimed refusal, it was competent for her to show,

as she did, that in reply to letters received by her in Italy from
the defendant here, which she did not produce, they being still
in Italy, and the terms of which she did not seek to establish,—
she wrote to the defendant, who, on notice to produce, denied
having received such a letter, that her father would not consent
to their marriage; that he could write to her father, and if he
consented, everything would be all right. It appeared that her
father did subsequently consent.

The plaintiff left home when her father refused to consent,
and would not go back. Her testimony that while thus away
her father sent word to her that if she would come back he
would consent, was harmless, as it appeared that he did subse-
quently consent.

It appeared that a religious marriage ceremony was per-
formed in Italy between the parties, and that such a ceremony
did not make a legal marriage there. The objection that the
performance of that ceremony could not be shown by parol, for
that the best evidence of it would be some writing that authen-
ticated it, is not well taken. It does not appear that there is
any such writing, nor that any such was required; and if it did,
it would not preclude the testimony of eye witnesses, as is
abundantly shown by the cases. Indeed the testimony of such
witnesses is regarded as better evidence than the record, as fur-
ther evidence of the identity of the parties. may be necessary.
2. Wig. Ev. §1336; 3 Wig. Ev. §2088.

In testifying to what took place at the religious ceremony
the plaintiff said, among other things, that the priest made the
defendant swear to marry her by civil marriage as soon as they
arrived here, because he had promised many times before to
marry her then. The defendant moved to strike out this last
statement; and on being asked if that was what the priest said,
the interpreter said it was a statement of what the defendant
had previously said. It is now urged that the statement was
not responsive, was prejudicial, and could have been regarded
by the jury only as evidence that this promise had before that
been frequently made to the priest. That the statement was not
responsive did not make it inadmissible. *Carpenter* v. *Willey,*
65 Vt. 168, 26 Atl. 488. And whether the statement was of a
promise to the priest or to the plaintiff, it was harmless; for the
defence was put solely on the ground of no breach by the de-
fendant, and accord and satisfaction.

To show the financial condition of the defendant at the time of the promise in March, 1899, the plaintiff introduced evidence of his declarations to the effect that he was worth from twenty to thirty thousand dollars. It does not appear how far back of the promise these declarations went, but it is fair to presume that some of them went back a considerable time, for a sister of the plaintiff's testified that he talked with her about his property "lots of times" before he went to Italy to marry the plaintiff, which was the March of the promise, and that he always said he was worth about twenty-five thousand dollars. The plaintiff also introduced evidence tending to show that at the time of the promise the defendant owned a block in Montpelier worth from ten to fifteen thousand dollars. The purchase price of the block was conceded to be six thousand dollars. The deed of it, dated Nov. 29, 1897, was taken to the defendant's former wife, a sister of the plaintiff, who died in 1898.

As bearing on his actual financial condition at the time of the promise, and also on whether he made the claimed declarations as to his property, the defendant offered to show that he had to mortgage the block for $5,500 of the purchase money. This was objected to as immaterial and excluded, and the defendant confined to the time of the promise, and not allowed to go back of it to show his financial condition at that time. This was error. The plaintiff was asserting and the defendant was denying, and it cannot be said that the condition he offered to show he was in when he bought the block did not tend to rebut the plaintiff's evidence as to the condition he was in fifteen months later when he made the promise, for it tended to lessen the probability that in that short time, with his facilities, he had come to be worth from twenty to thirty thousand dollars. Indeed the plaintiff does not now claim that the offered testimony was immaterial, but seeks to justify its exclusion only on the ground of remoteness in time. But that objection was not made below, and therefore cannot be made here. The testimony should also have been received as bearing on whether or not the defendant made the claimed declarations as to his property; for if he was in the financial condition he offered to show, he would be less likely to be saying what was claimed, as it would have been untrue.

As further tending to show his financial condition at the time of the promise, the defendant offered to show that in 1893

or 1894 the only property he and his wife had was some real
estate in Bellows Falls, of which his wife held the title, and
some money that he had; that in one of those years they went to
Berlin Falls, N. H., and leased a piece of land on which his wife
built a store; that he bought goods with his money to the amount
of between four and five thousand dollars, and stocked the store
for the purpose of carrying on a fruit and grocery business;
that before the store was fairly finished and the business in it
fairly begun, both the store and the goods were destroyed by
fire and entirely lost, as they were not insured; that then they
went to Montpelier, at which time he had no property, and
owed debts for some of the property destroyed; that they leased
the Montpelier property for a year or two, and when they bought
it they had no money to pay for it, and had to mortgage it for
$5,500 of the purchase money.

This was objected to, for that the loss of the Berlin Falls
property had no tendency to show that the defendant was not
the owner of property five years later, and excluded. This was
also error, for the same reason first given that made the exclu-
sion of the other offer error. And here, also, the objection
made below is abandoned, and only remoteness of time urged,
which was not objected below.

As further tending to show his financial condition at the
time of the promise, the defendant offered to show that his wife
willed the Montpelier property to him on condition that he
should, for the benefit of the children, clear the Bellows Falls
property from a three thousand dollar mortgage she put upon
it for money that she put into the Montpelier property, and
should pay the balance of the incumbrance on the Montpelier
property; otherwise, that it should be differently disposed of.
This was excluded, but on what ground does not appear. The
exclusion is now sought to be justified on the ground that an
attested copy of the will itself would have been the proper evi-
dence of its contents; and, for aught that appears, that may have
been the ground of exclusion, for counsel, in making the offer,
said they should have to call the defendant "to show the will,"
the contents of which could not, of course, be shown in that
way.

13

It does not appear whether or not the defendant offered to show his financial condition at the time of the promise otherwise than as above stated.

The court charged that the wealth and condition in life of the parties should be considered in determining how much, if any, the plaintiff would have been elevated in her social relations on account of the defendant's property. The defendant excepted to this, for that there was no evidence of any loss in that respect. It is enough to say of this exception that it does not appear whether there was any such evidence or not; for although a transcript of the testimony is referred to by the bill of exceptions, a transcript of only a part is furnished. It is objected that there is no sufficient allegation of loss of social position, and that no recovery could be had therefor without proof of a law in Italy allowing it. But as these objections were not made below, they are not considered.

It was error to overrule *pro forma* the motion to set aside the verdict as against the weight of evidence and as excessive. The motion was addressed to the discretion of the court on both grounds, and the defendant had a right to have the court consider it, and exercise its judgment and discretion in disposing of it. *Ranney* v. *St. Johnsbury & Lake Champlain R. R. Co.*, 67 Vt. 594, 601, 32 Atl. 810; *State* v. *Newell*, 71 Vt. 476, 45 Atl. 1045.

The defendant moved in arrest, for that the counts are not all for the same cause of action; and for that the original declaration gives no jurisdiction, while the new counts amend into jurisdiction, if any is thereby conferred. But the motion is not sustainable merely because the counts are not all for the same cause of action; for it is not only permissible but desirable that all causes of action on different contracts between the same parties that can be joined in one action should be joined, for if separate actions thereon are pending in a court at the same time, the court may restrict costs. V. S. 1680. When counts are for different causes of action and some of them bad and the verdict general, with nothing to show on what counts the damages were assessed, you may move in arrest, as was done in *Posnett* v. *Marble*, 62 Vt. 481, 20 Atl. 813. But here the motion does not allege that any of the counts are bad, and hence it did not present that question to the court below, and therefore it will not be considered here on this branch of the motion.

As to the jurisdictional branch of the motion the argument is, that the original declaration discloses no cause of action, as it sets up a contract made in Italy, to be performed in Italy, and broken in Italy, but alleges no right of action under the laws of Italy, and that therefore there was no subject-matter over which the court could acquire jurisdiction, as you can not amend into jurisdiction. But this does not go to the jurisdiction of the subject-matter, but only to the sufficiency of the declaration; for the cause of action as originally declared upon being transitory, the court had power to judge concerning the general question involved, and *that* was jurisdiction of the subject-matter, irrespective of the sufficiency of the declaration or the existence of a good cause of action. *Perry* v. *Morse,* 57 Vt. 509; *Hunt* v. *Hunt,* 72 N. Y. 217; *St. Louis etc. Railway Co.* v. *Lowder,* 138 Mo. 533, 60 Am. St. Rep. 565; *North Pacific Cycle Co.* v. *Thomas,* 26 Oregon 381, 46 Am. St. Rep. 636. The omission in the original declaration to lay the action in Washington county under a *videlicet,* does not affect the jurisdiction of the court to try the case, for in this State that fiction does not designate the county from which the jury is to come, as it did at the common law, but the place of trial is determined by the statute. We hold in this regard as they do in Massachusetts under a similar statute. *Briggs* v. *Nantucket Bank,* 5 Mass. 94; *Gay* v. *Horner,* 13 Pick. 535.

The question of jurisdiction being the only one presented below by this branch of the motion, no other is considered thereunder. The motion to dismiss for want of jurisdiction, filed in this Court, is sufficiently disposed of by what has already been said.

The claim that the court erred in not ruling that the case should be tried by the law of Italy is not considered, for the question is not presented by the exceptions.

*Reversed and remanded.*