ANNA NIEBYSKI *v.* THOMAS WELCOME.

Special Term at Brattleboro, February, 1919.

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 7, 1919.

*Witnesses—Foundation for Impeachment—Presumption as to
Scope of Exception—Impeachment on Collateral Issue—
Test of Collateral Issue—Contradictory Statements—Con-
duct of Counsel on Cross-examination—Prejudicial Error—
Refusal to Charge on Matter not in Issue—Exemplary Dam-
ages—Constitutional Law.*

In laying the foundation for the impeachment of a witness by proof of
    inconsistent statements out of court, they should first be called to
    the witness' attention and the circumstances of their supposed
    utterance referred to sufficiently to give reasonable notice of the
    occasion; and it is for the trial court to determine whether this
    has been done in the particular case.

Where the transcript is made the bill of exceptions it will be presumed
    that it shows the full scope and point of an exception.

A witness cannot be impeached upon a collateral issue.

If an answer is relevant to material testimony given by a witness it
    is not collateral, but can be contradicted and affords the basis of
    impeachment.

In an action for damages for rape committed upon the plaintiff where
    her chastity was an issue on the question of damages, and her
    husband testified that a certain child was his, and on cross-ex-
    amination denied that he told T. that the child was not his, the
    exclusion of evidence that he did so tell T., offered for the purpose
    of impeachment, was error.

It was prejudicial error for plaintiff's counsel on cross-examination of
    defendant to ask him if he had not bragged about raping a woman
    and hiring men to testify for him in a rape case resulting in his
    acquittal, where the court had just excluded a similar question,
    and, although the question was excluded, nothing was done by the
    court to counteract its effect upon the minds of the jury.

It was not error for the court to refuse to charge upon a matter that
    was not in issue in the case.

The allowance of exemplary damages in an action for assault and battery is not in violation of the Federal Constitution or of our own Constitution.

ACTION OF TORT for assault and battery. Plea, the general issue. Trial by jury at the April Term, 1918, Windham County, *Fish*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*John E. Gale* and *Frank E. Barber* for the defendant.

*Chase & Chase* for the plaintiff.

This Court has repeatedly held that a judgment will not be reversed because an improper question was asked. *State* v. *Burpee*, 65 Vt. 1; *Houston* v. *Brush*, 66 Vt. 331; *State* v. *Buck*, 74 Vt. 29; *Carpenter* v. *Corinth*, 58 Vt. 214; *Smith* v. *Ins. Co.*, 60 Vt. 682.

It is the duty of the court to charge only the law relating to the evidence in the case and not to deliver a lecture upon the law in general. *Clark* v. *Tudhope*, 89 Vt. 246; *French* v. *Ware*, 65 Vt. 338; *Winchell* v. *Nat. Express Co.*, 64 Vt. 15; *Good* v. *Knox*, 64 Vt. 97; *Weeks* v. *Town of Lyndon*, 54 Vt. 638; *Child* v. *Kingsbury*, 46 Vt. 47; *Barron* v. *Fay*, 38 Vt. 705.

TAYLOR, J. This is an action of tort for assault and battery. Trial was by jury with verdict and judgment for the plaintiff. The case is here on defendant's exceptions.

The plaintiff and her husband are Polish people, natives of Austria, and at the time in question residents of Guilford in this State. Her evidence tended to show that the defendant came to her house during the husband's absence and committed rape upon her.

The character of the plaintiff for chastity was made an issue in the case on the question of damages. The defendant supported his claim in this regard by testimony of an admission by the plaintiff that she had a child left behind in Austria when she came to this country of which her husband was not the father. She denied the claimed admission and testified to the legitimacy of the child. She called her husband as a witness and he gave evidence tending to support her claim in this re-

gard. In cross-examination Niebyski was asked if he did not tell one Tkorczyk, a fellow countryman, that the child in Austria was not his and that was the reason why he would not take it to America; and, again, if he did not tell Tkorczyk that his wife was about two months along with child when he got back to Austria. Niebyski denied making any such statements. The defendant called Tkorczyk, and for the purpose of impeaching Niebyski offered to show by the witness that he had heard Niebyski say that his wife (the plaintiff) had a child which was left in Austria that did not belong to him. The offered evidence was excluded on the objection that it was immaterial and irrelevant, and the defendant had an exception thereto. The situation was somewhat clouded by what had preceded the ruling excepted to; but we think it sufficiently appears that the court ruled understandingly, in effect holding that it would be impeachment upon a collateral and immaterial issue.

It is now for the first time objected that the necessary foundation for impeachment was not laid. The plaintiff does not even now attempt to point out wherein the shortage exists, but refers us generally to Niebyski's cross-examination on the subject. Inspection of the portion of the transcript referred to discloses that the only possible fault with the foundation attempted was in not designating the time and place with sufficient particularity. With us the general rule of practice in laying the foundation for impeachment by proof of inconsistent statements out of court requires that they should first be called to the witness' attention and the circumstances of the supposed statement referred to sufficiently to give reasonable notice of the occasion. The specification of time, place, and person is required merely to insure fairness and as a means of adequately warning the witness so as to afford him reasonable opportunity for explanation. It is for the trial court, in the exercise of sound discretion, to determine whether this has been done in the particular case. *State* v. *Glynn,* 51 Vt. 577, 579; 2 Wig. on Ev. §1029. It was said in the case cited that to insure fair dealing some witnesses would require the protection thus afforded, while with others it would be needless.

It would be inconsistent with what the record discloses to infer in support of the ruling that the court excluded the offered evidence on this ground. It is nowhere hinted by court or counsel that the foundation for impeachment was not well laid.

The objection urged when Niebyski was being inquired of was that it was an immaterial issue. The objection was renewed when a question relating to the same matter was put to the impeaching witness. The court said: "That is not admissible, of course." Thereupon the offer was made and the objection that it was immaterial and irrelevant was sustained without anything further being said. As the transcript, which is made the bill of exceptions, discloses the ground of the ruling, it will be presumed that it shows the full scope and point of the exception. See *Comstock's Admr.* v. *Jacobs,* 84 Vt. 277, 283, 78 Atl. 1017, Ann. Cas. 1913 A, 679.

The plaintiff also insists that it was an attempt to impeach the witness upon a collateral and immaterial issue. The argument is that, if Niebyski made the statement out of court that the offer imports, it would not be admissible evidence against the plaintiff. The rule governing impeachment by self-contradiction requires something more than the mere contradiction of testimony given by the witness in direct examination. It is well settled that a witness cannot be impeached upon a collateral issue, but there is considerable conflict in the cases as to when an issue is collateral within the rule. Manifestly the test is not whether the alleged statement elsewhere would be admissible as evidence in chief against the party improving the witness. The question is one of relevancy (*Perry* v. *Moore,* 66 Vt. 519, 29 Atl. 806), and questions asked a witness on cross-examination are relevant when the answers may affect any fact in issue. *Fairchild* v. *Northeastern Mut. Life Assn.,* 51 Vt. 613, 627. A test whether an answer sought to be contradicted for the purpose of impeachment is collateral or not was laid down by Chief Baron Pollock in *Attorney General* v. *Hitchcock,* 1 Exch. 91, and approved by this Court in *Comstock's Admr.* v. *Jacobs, supra.* It is this: If the answer of a witness is a matter which has such a connection with the issue that you would be allowed to give it in evidence, then it is a matter on which you may contradict him. Prof. Wigmore paraphrases it thus: "The test is whether it (the answer) concerns a matter which you would be allowed on your part to  prove in evidence independently of the self-contradiction,—*i. e.* if the witness had said nothing on the subject." 2 Wig. on Ev. § 1020. In explanation of the test, Chief Baron Pollock says that the answer to be contradicted "must be connected with the issue as a matter capable of being distinctly

given in evidence, or it must be so far connected with it as to be a matter which, if answered in a particular way, would contradict a part of the witness' testimony; and, if it is neither the one nor the other of these, it is collateral to, though in some sense it may be considered as connected with, the subject of the inquiry." It comes to this then: If the answer is relevant to material testimony given by the witness, it is not collateral, but can be contradicted and affords the basis of impeachment. See *Fairchild* v. *Northeastern Mut. Life Assn., supra;* note Ann. Cas. 1914 B, 112.

It is at once apparent that the inquiries put to Niebyski in cross-examination, "if answered in a particular way," would contradict his testimony to the effect that the child was his, which was a material issue in the case. It follows that the offered statement was admissible for the purpose of impeachment, and that its exclusion was error.

The defendant was a witness in his own behalf. In cross-examination plaintiff's attorney without objection developed the fact that some years before he had been arrested and tried at Greenfield, Massachusetts, on the charge of rape, in no way connected with this transaction, resulting in his acquittal. He was then asked: "Because some men from Turner's Falls testified upon that trial that you were there at the time?" On objection the question was excluded. Immediately, this question was asked: "And after that trial was over, at your home here in Guilford in conversation with some of your associates there, and in the presence of your wife, but not talking to her, you made your brags that you had raped that woman and that you hired those men to testify as they did, did you not?" Defendant's counsel interrupted with an objection, and asked for and was allowed an exception to the propounding of the question. The court at the same time directed that an exception be noted for the plaintiff to the exclusion of the question and said nothing by way of rebuke or caution.

The question was manifestly improper, but plaintiff insists that, as it was not answered, reversible error is not shown, invoking the rule that a judgment will not be reversed merely because an improper question is asked. While such is undoubtedly the general rule, it has its exceptions. That it is in some circumstances reversible error to persist in offering evidence that has been ruled out is shown by *State* v. *Felch,* 92 Vt. 477, 105

Atl. 23, and *Rudd* v. *Rounds,* 64 Vt. 432, 25 Atl. 438. It was said in the former case that much depends upon the character and importance of the offered evidence and the good or bad faith of counsel, whether an offence of this kind requires a reversal; and that each case must be judged on its own circumstances.

The question was well calculated to prejudice the rights of the defendant seriously, and nothing was done to counteract its effect upon the minds of the jury. Whatever may have been the motive that prompted the inquiry, we cannot believe that it was done through ignorance or inexperience. The examiner was a lawyer of mature years and of large experience in jury trials, and the court had just ruled against him on a similar question. We are forced to the conclusion that he momentarily let his zeal outrun his better judgment. But the defendant has suffered thereby, and the only relief we can afford him is the benefit of a new trial. We hold that in the circumstances the asking of the question was reversible error.

The defendant excepted "to the refusal or neglect of the court to charge that, if there was any sexual intercourse shown and plaintiff consented, there would be no assault of any kind and the verdict should be for the defendant." This exception is without merit. The question of consent was not an issue in the case. The plaintiff testified to an assault amounting to rape. The defendant denied having or soliciting sexual intercourse with her, or even having touched her person. With the evidence standing thus, there was no occasion for a charge on the question of consent.

The defendant by a further exception to the charge, challenges the allowance of exemplary damages in this action as a violation of Articles 5, 13, and 14 of the Amendments to the Constitution of the United States and Article 2 of our own Constitution.

The foundation of exemplary damages is too firmly imbedded in the common law as interpreted by the decisions of this Court to be now disturbed; and, in view of the attention that it has already received, it would be of little profit to re-examine the question. The defendant's objections to the allowance of such damages are fully answered in *Earl* v. *Tupper,* 45 Vt. 275; *Hoadley* v. *Watson,* 45 Vt. 289, 12 Am. Rep. 197, and *Edwards* v. *Leavitt,* 46 Vt. 126. He lays great stress upon *Fay* v. *Parker,* 53 N. H. 342, 16 Am. Rep. 270, the argument and conclusion of

which is favorable to his contention. But this case, then lately decided, was brought to the attention of the Court on the hearing in *Edwards* v. *Leavitt* and doubtless received adequate consideration.

*Judgment reversed and cause remanded.*