ANNA NIEBYSKI *v.* THOMAS WELCOME.

October Term, 1921.

Present:  WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 5, 1922.

*Charge to Jury—Substantial Compliance with Request.*

In an action of tort for assault and battery, charging rape, a request to charge that, if the jury found that the parties had sexual intercourse upon the occasion in question, the plaintiff could recover

nothing for that damage, if she consented or voluntarily yielded to such act, was substantially complied with by an instruction that, if the jury found by a preponderance of the evidence that the defendant intentionally used physical force upon the plaintiff, and intentionally laid hands upon her without her consent, and against her will, and had sexual intercourse with her without consent, they should find him liable, but, if they were not so satisfied, their verdict must be for the defendant.

ACTION OF TORT for assault and battery. Plea, the general issue. Trial by jury at the September Term, 1920, Windham County, *Moulton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*John E. Gale* and *Frank E. Barber* for the defendant.

*Chas. S. Chase* and *Wm. R. Daley* for the plaintiff.

MILES, J.    This is an action of tort, charging the defendant with an assault and battery. Plea, the general issue. The case comes here on the exception of the defendant. It has once before been here (*Niebyski* v. *Welcome,* 93 Vt. 418, 108 Atl. 341), where the facts in the case are fully stated. The plaintiff there claimed, as she here claims, that the defendant assaulted her and committed rape upon her person, and that was the issue in the case on both trials in the county court.

On the last trial in the county court the court was requested to charge the jury: "That if the jury should find that the plaintiff and defendant had sexual intercourse upon the occasion in question, the plaintiff can recover nothing for that damage, if she consented or voluntarily yielded to such act of intercourse." At the close of the charge the defendant excepted as follows: "We except to the refusal of the court to comply with our first request." The request referred to in this exception is the one above quoted.

We think the charge given sufficiently covered the matter requested. The substance of the request was, that, if the jury found that the plaintiff consented or voluntarily yielded to such act, she could not recover any damage occasioned by such intercourse. The court charged: "If you find by a preponderance of

the evidence * * * that the defendant intentionally used physical force upon the plaintiff, and intentionally laid hands upon her without her consent and against her will, and had sexual intercourse with her, without consent, then you must find him liable in this action, and your verdict must be for the plaintiff; but, if you are not so satisfied, your verdict must be for the defendant.'' This charge clearly required the jury to find that the intercourse, if had, was without the consent of the plaintiff, and against her will, in order for the plaintiff to recover, and that was all the request required the court to do.

This is the only question upon which the review is sought, and, no error being found in this regard,

*Judgment is affirmed.*