SAM PAUL *v.* ROMANZO DROWN.
MARY PAUL *v.* ROMANZO DROWN.

November Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and SHERMAN, Supr. J.

Opinion filed January 7, 1937.

*Porter, Witters & Longmoore* for the plaintiff.

*Hubert S. Pierce* for the defendant.

MOULTON, J.   These two cases were tried together below, and were entered as one case in the office of the clerk of this Court.

About two o'clock in the morning of October 28, 1935, the plaintiffs, along with nine others, were returning from a dance in a truck driven by Marcou.   At, or near, the crest of a hill, the latter turned to the left to enter a side road leading off at a right angle from the main highway, and as he did so the automobile driven by the defendant, coming in the opposite direction, collided with the truck, and the plaintiffs received the injuries for which they seek redress in this action.   There was no claim that they were contributorily negligent, or that any negligence of Marcou was imputable to them.   The trial below was by jury with verdicts for the defendant, and the cause is here upon the plaintiffs' exceptions.

On the cross-examination of Marcou, he was asked: "Were you brought into court by the State for careless and negligent driving in connection with that accident?" and answered, "Yes."   He was then asked: "Your case has not yet been tried?"   The offer was to show that the witness had been arrested and the case was still pending, and the question was excluded.   Counsel for defendant then said: "And we offer to show that Mr. Drown was not arrested—."   This was excluded and an exception was taken to the making of the offer.

An offer of improper evidence does not always require a reversal, for much depends upon the character and importance of the offered evidence and the good or bad faith of counsel, and each case must be judged on its own circumstances.   *Niebyski* v. *Welcome*, 93 Vt. 418, 422, 423, 108 Atl. 341, 343; *State* v. *Felch*, 92 Vt. 477, 487, 105 Atl. 23; *Fraser* v. *Blanchard and Crowley*, 83 Vt. 136, 145, 73 Atl. 995, 75 Atl. 797; *Rudd* v. *Rounds*, 64 Vt. 432, 441, 25 Atl. 438.   But if incompetent and immaterial testimony is offered, with knowledge of its character, and for the

purpose of prejudicing the jury, it is error to permit the offer to stand unrebuked (*Shores* v. *Simanton*, 99 Vt. 191, 195, 130 Atl. 697; *In re Estate of Martin*, 92 Vt. 362, 370, 140 Atl. 100), and in the allowance of an exception is an implied ruling that the offer is proper. *Baker & Sons* v. *Sherman*, 71 Vt. 439, 446, 46 Atl. 57. Indeed, it may well be that irreparable prejudice has been caused before the court can intervene, and thereafter any attempt by the court to remove it from the case is futile, for here the effective control is for the examining counsel and not for the judge. *Ronan* v. *Turnbull Co.*, 99 Vt. 280, 291, 131 Atl. 788.

It must have been entirely clear to the cross-examining counsel that the offered evidence concerning Marcou's arrest and pending prosecution had no legal relevancy to the issues before the court. It was not admissible to show that the defendant was not negligent or that Marcou's negligence was the proximate cause of the accident. Neither could it have been received in impeachment of the witness, because there had been no conviction of the offense charged against him. *State* v. *Hodgdon*, 89 Vt. 148, 150, 94 Atl. 301. The offer concerning Marcou having been excluded, the subsequent offer to show that the defendant had not been arrested could have been made only with the intent of bringing to the attention of the jury a fact which was not for their consideration, and for the purpose of prejudicing them. This was improper, and such an offense against orderly procedure and good practice that it constitutes reversible error. See *Ronan* v. *Turnbull Co.*, *supra*. Here, as in *Niebyski* v. *Welcome, supra*, "We are forced to the conclusion that he [examining counsel] momentarily let his zeal outrun his better judgment."

It is no answer to say that the plaintiffs were not harmed because the evidence was excluded, for the prejudice inhered in the offer itself. See *Niebyski* v. *Welcome, supra*, 422. The contention that the error was cured, since the court charged the jury that Marcou's negligence was not imputable to the plaintiffs, is untenable, because, even if the improper suggestion could have been removed by an instruction, this language did not touch it.

The defendant testified on direct examination that his head and arm were driven through the left window of his car by the impact of the collision. He was then asked: "Were

you injured?'', and, to exception by the plaintiffs, answered: "Yes, about the head and arm and my chest.'' No error appears. The evidence had some bearing upon the force of the impact, and, consequently, upon the speed of the automobile involved. See *Healy, Admr.* v. *Moore*, 108 Vt. 324, 187 Atl. 679, 685. Indeed, it appears to have been as favorable to the plaintiffs as to the defendant, since there was evidence tending to show that the latter was driving at a high rate of speed.

The following instruction was given: "The defendant had a right to assume that if a person or car was coming up this hill that they would keep to the right of the center, that a car making a turn across the road would make such a turn with due care and come even with the center of the intersection before turning and to see that the way was clear.'' An exception was taken by the plaintiffs, upon the ground that there was no evidence that the Marcou truck was not at all times on its own side of the road, except when it turned to enter the side road. But there was evidence tending to show that the collision occurred, not in the intersection as claimed by the plaintiffs, but about twenty-four feet beyond it, and before it was reached by Marcou, and that the truck was then upon the left side of the road. Some fault is also found in that the court did not qualify the instructions in certain respects, but since this was not a ground for exceptions stated below, it is not considered here. *McAllister* v. *Benjamin*, 96 Vt. 475, 491, 121 Atl. 263; *Kiley* v. *Rutland R. R. Co.*, 80 Vt. 536, 550, 68 Atl. 713, 13 Ann. Cas. 269. The exception is not sustained.

The plaintiffs moved to set aside the verdict as being against the evidence, against the weight of the evidence, and against the law. The motion was overruled as a matter of law. The third ground of the motion appears to be treated as attacking the verdict as being unsupported by the evidence. Whether it was sufficiently explicit to raise the question may be doubted, but at any rate there was evidence which, taken in the most favorable light for the defendant, tended to support the verdict, and so error in this respect does not appear. *Paska* v. *Saunders*, 103 Vt. 204, 216, 153 Atl. 451; *Jacobs* v. *Loyal Protective Ins. Co.*, 97 Vt. 516, 527, 124 Atl. 848. The first and second grounds mean the same thing. *Daniels* v. *Preston*, 102 Vt. 337, 339, 148 Atl. 285; *French* v. *Wheldon*, 91 Vt. 64, 68, 99 Atl. 232. A motion so made is addressed to the sound discretion of the trial

court, and the ruling thereon can be reversed only when it is made to appear that there has been an abuse of such discretion. *Butler* v. *Favreau*, 105 Vt. 382, 383, 166 Atl. 1; *Sargent* v. *Robertson*, 104 Vt. 412, 420, 160 Atl. 182; *Porter* v. *Fleming*, 104 Vt. 76, 82, 156 Atl. 903; *Temple* v. *Atwood*, 99 Vt. 434, 435, 134 Atl. 591. But the trial court may not withhold its discretion when called upon to exercise it. *Bradley* v. *Blandin*, 94 Vt. 243, 257, 258, 110 Atl. 309; *Lincoln* v. *C. V. Ry. Co.*, 82 Vt. 187, 197, 72 Atl. 821, 137 A. S. R. 998. This is something to which the moving party is entitled. *Massucco* v. *Tomasi*, 80 Vt. 186, 195, 67 Atl. 551; *Ranney* v. *St. Johnsbury & L. C. R. R. Co.*, 67 Vt. 594, 601, 32 Atl. 810; *State* v. *Newell*, 71 Vt. 476, 477, 45 Atl. 1045. It is error to rule, as the trial court did in this instance, as a matter of law upon a question which requires discretionary action. *Lapoint* v. *Sage et al.*, 90 Vt. 560, 565, 99 Atl. 233; *Johnson* v. *Shumway*, 65 Vt. 389, 392, 26 Atl. 590.

If this were the only reason for a reversal, we would remand the cause only for the correction of errors subsequent to the rendition of the verdict. See *Ranney* v. *R. R. Co., supra*. But since substantial error appears elsewhere, the remand will be for an unrestricted new trial.

It is unnecessary to consider the exception taken to the denial of plaintiffs' motion for a new trial based upon newly discovered evidence.

*Judgment reversed and cause remanded.*