PACEY *v.* STRANGE.

1. AUTOMOBILES—RECKLESS DRIVING—ARREST—EVIDENCE.

In pedestrian's action against trucker for injuries claimed to have been sustained while plaintiff was crossing a street in a safety zone as defendant was allegedly operating his truck negligently and in violation of ordinance relating to reckless driving, where plaintiff does not claim defendant had been arrested or convicted, it was not prejudicial error to admit testimony to the effect that he had not been arrested or convicted of such offense (3 Comp. Laws 1929, § 15518).

2. APPEAL AND ERROR—AUTOMOBILES—UNANSWERED QUESTION.

Where one of a series of questions relating to whether or not defendant trucker had been given a ticket for violation of a traffic ordinance was not answered, it does not constitute a ground for reversal (3 Comp. Laws 1929, § 15518).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 9, 1945. (Docket No. 20, Calendar No. 42,900.) Decided April 9, 1945.

Case by Valley T. Pacey against Wilfred J. Strange for personal injuries sustained when she was allegedly struck by defendant's truck. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Henry C. L. Forler* and *Elmer H. Groefsema,* for plaintiff.

*Knight & Panzer,* for defendant.

STARR, C. J.  Plaintiff, a pedestrian, was injured in an automobile accident which occurred about 1 o'clock in the afternoon of May 15, 1940, at or near the intersection of Grand River avenue, Vinewood avenue and Grand boulevard in the city of Detroit. She began the present suit, alleging that while crossing Grand River avenue on the green traffic signal and while in the safety zone, she was struck by defendant's Chevrolet truck, which was proceeding in a northwesterly direction on Grand River. She further alleged that defendant was operating his truck in a negligent manner and in violation of certain ordinances of the city of Detroit, including section 38 of ordinance 115–b, which was set forth in her declaration and reads as follows:

"Any person who drives any vehicle or street car upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, *shall be guilty of reckless driving and upon conviction shall be punished* as provided in section three of this ordinance."

Defendant answered, denying the charge of negligence.  He further denied that plaintiff was crossing Grand River avenue on the green traffic signal and that his truck struck her.  He alleged that she ran into the side of his truck.  The case was tried before a jury, which returned a verdict for defendant on which judgment was entered.  Plaintiff's motion for a new trial was denied and she appeals.

Over plaintiff's objection, defendant was permitted to testify that he was not arrested or convicted on a charge of reckless driving in connection with said accident or any other accident.  Plaintiff's

only contention on this appeal is that the admission of such testimony was prejudicial and constituted reversible error. On direct examination defendant testified in part:

"*Q.* * * * Were you arrested or convicted of the charge of reckless driving?

"(Plaintiff's attorney): * * * There is no * * * claim to that, your honor. It is not proper, so there could be any favorable or unfavorable inference derived from that. * * *

"*The Court:* You may take the answer.

"*Q.* (Defendant's attorney) * * * Were you arrested or convicted in connection with this accident?

"*A.* No, sir.

"*Q.* * * * Or any other accident?

"*A.* No, sir.

"*Q.* Were you given a ticket?

"(Plaintiff's attorney): * * * I object to that, your honor please, because Mrs. Pacey could not be bound in any way.

"*The Court:* It is conceded here that there were no proceedings.

"(Defendant's attorney): * * * Yes.

"(Plaintiff's attorney): * * * No, we don't claim there was any."

It should be noted that the question, "Were you given a ticket?" was not answered and, therefore, does not constitute ground for reversal. In view of the statement by plaintiff's attorney that she did not claim that defendant had been arrested or convicted, it was not reversible error to permit him to give the above-quoted testimony. In other words, it was not prejudicial to permit defendant to testify as to facts admitted by plaintiff.

We are satisfied that the jury reached a just conclusion and that there was no miscarriage of justice. 3 Comp. Laws 1929, § 15518 (Stat. Ann.

§ 27.2618).  The judgment for defendant is affirmed, with costs of both courts.

North, Butzel, Bushnell, Sharpe, and Boyles, JJ., concurred with Starr, C. J.

Reid, J. (*concurring in result*).  I concur in the result reached in the opinion of the Chief Justice, affirming the judgment for defendant.

The trial court admitted the answers to the following questions asked defendant as a witness on the trial before a jury:

"*Q.*  Were you arrested or convicted of the charge of reckless driving?"

"*Q.*  Were you arrested or convicted in connection with this accident?"

"*Q.*  Or any other accident?"

Defendant's answers were in the negative.  Defendant claimed that this testimony was admissible to remove an impression that the jury was assumed to have received from the offer and reception in evidence of sections of the city ordinance defining negligent and reckless driving.  The supposed impression was to the effect that defendant had been arrested on a charge of violating the ordinance. Plaintiff had advanced no such claim.  Introduction of the sections of the ordinance in evidence did not prove, nor tend to prove, anything as to defendant's conduct nor indicate that he had been arrested, but merely cited a rule of conduct.  The ruling admitting the quoted testimony indicated that the judgment of officers of the law could be considered by the jury in arriving at a conclusion as to defendant's negligence.  The trial judge did not expressly so rule, but the ruling did not limit the purposes for which the testimony could be considered and thus left it to the jury to infer that nonprosecution

should be considered as evidence of want of merit in the claim of defendant's guilt and the ruling permitting the testimony to be given served no proper purpose. The negative answers indicated to the jury that the officers of the law did not think there was sufficient proof of defendant's negligence or reckless driving to justify his prosecution. *Wolfe* v. *Baskin,* 137 Ohio St. 284 (28 N. E. [2d] 629); *Paul* v. *Drown,* 108 Vt. 458, 461 (189 Atl. 144, 109 A. L. R. 1085, 1087).

If an officer of the law specially charged with the duty of prosecuting negligent drivers had given testimony as of his personal knowledge which if believed would establish guilt and had failed to prosecute, evidence of such inaction on his part might be considered admissible as tending to contradict his testimony. That situation did not arise in the instant case. So far as shown, no officer witnessed the accident nor knew anything important about it until after plaintiff had been knocked down.

Further, the questions objected to were so broad that they cover inaction by officers not witnesses and by direct inference the answers imported into the testimony the opinions of even such officers on the merits of the case unfavorable to plaintiff's claim that defendant was negligent. However, plaintiff had but two witnesses who claimed to know how the accident happened. Of these, the taxi driver was impeached by his own written statement; his passenger was in a moving vehicle, not well situated to discern whether plaintiff moved slightly out of the safety zone and against the side of defendant's truck. Four disinterested witnesses for defendant were standing still watching plaintiff's actions in getting out of the way of other traffic while she crossed against the red light and they were better able to observe whether plaintiff

went out of the safety zone a great enough distance to cause contact with the truck.

The testimony taken in its entirety greatly preponderates in favor of the defense and we conclude that the jury in arriving at their verdict must have been persuaded by the testimony of several eyewitnesses without necessity of relying upon the erroneously admitted testimony above quoted. I therefore concur with the Chief Justice in determining that the ruling admitting the quoted testimony did not constitute reversible error; that the jury reached a just conclusion and that there was no miscarriage of justice.

WIEST, J. (*concurring in result*). I concur in the result reached by the Chief Justice but do not employ the statute cited in his opinion.

Had the jury found for plaintiff the verdict would have been so clearly against the great weight of the evidence given by eyewitnesses of the accident as to command judgment for defendant.