## DOAK v. MAMMOTH COPPER MINING CO. OF MAINE.

(Circuit Court, N. D. California. May 15, 1911.)

No. 15,242.

1. DAMAGES (§ 112*)—INJURY TO LAND—INJURY TO OR DESTRUCTION OF GROW-
ING TREES.

In an action for injuries to or destruction of growing trees having a
prospective value yet to be gathered in part from the soil, the measure
of damage is the difference in the value of the land before and after the
injury on the theory that such injury is an injury to the freehold; but,
if the trees have reached their maturity so that it may be an advantage
to remove them, the measure of damages is the value of the trees apart
from the land.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 281–283; Dec.
. Dig. § 112.*]

2. DAMAGES (§ 174*)—INJURY TO TREES—EVIDENCE.

In an action for injury to or destruction of growing trees, evidence of
the value of the trees was admissible, though it did not actually afford
a measure of the injury to the freehold.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 174.*]

3. DAMAGES (§ 146*)—DESTRUCTION OF GROWING TREES—COMPLAINT.

In an action against a mining company for the destruction of plain-
tiff's growing trees by sulphur fumes emitted from defendant's smelters,
the complaint charged that there was growing on plaintiff's land a large
quantity of vigorous and healthy pine, cedar, oak, and other timber of
varying sizes and age, including a large number of saplings and young
trees which were constantly growing and increasing in quantity and
value, and that the same were poisoned, crippled, injured, and many ac-
tually killed by the fumes from defendant's smelter, all to plaintiff's
damage in the sum of $76,200. Held, that the complaint indicated that
the natural growth of the trees on the land as a part of the realty was
of the value of $76,200, and not that such was the value of the trees sev-
ered from the soil.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 411; Dec. Dig.
§ 146.*]

4. ACTION (§ 38*)—CAUSES OF ACTION—SINGLE TORT—SEPARATE INJURIES.

Where trees growing on several noncontiguous tracts of land belonging
to plaintiff, some valuable for timber and some only for wood, were in-
jured by fumes from defendant's smelter, such injuries constituted a
single tort, and but one cause of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig.
§ 38.*]

At Law. Action by David P. Doak against the Mammoth Copper
Mining Company of Maine. On demurrer to complaint. Overruled.

Bush & Hall and S. C. & H. B. Denson, for plaintiff.

Pillsbury, Madison & Sutro, for defendant.

FARRINGTON, District Judge. The complaint states that plain-
tiff is the owner of several tracts of land, on each of which there was
growing "a large quantity of vigorous and healthy pine, cedar, oak,
and other timber and trees of varying age and size and including a
very large number of saplings and young trees, and which were con-
stantly growing and increasing in quantity and value," and that this
natural growth was of the reasonable value of $76,200. Poisonous
smoke, fumes, and gases from defendant's smelters have constantly

during the three years immediately prior to the action settled upon and covered plaintiff's said lands, and the timber, trees, and vegetable growth thereon, and, in consequence, "said timber, trees and vegetable growth have been poisoned, crippled and injured, the growth thereof arrested, and many of the trees have been actually killed, and are now dead and decaying, and all the balance are rapidly losing vitality and are dying, and the whole of said growth on plaintiff's said lands has been destroyed by said defendant," to plaintiff's damage in the sum of $76,200. There is no further allegation as to the value of the land, except that it is rough, hilly, rocky, and valuable for the trees, timber, and wood naturally growing thereon.

[1] Injury to or destruction of growing trees is held in California to be an injury to the freehold. If forest trees have reached maturity, it may be an advantage to remove them. In case of the destruction of such trees, there being no appreciable injury to the soil, the measure of damage is the value of the trees apart from the value of the land. But it is otherwise in case of growing trees. They have a prospective value which is yet to be gathered in part from the soil. The destruction of such trees is an injury to the freehold itself, and the measure of damage is the difference in the value of the land before and after the injury. In Nelson v. Churchill, 117 Wis. 10, 93 N. W. 799, it was said that the diminution in the value of the land might well be shown by proving the value of the trees. To the same effect, see Kentucky Stave Co. v. Page (Ky.) 125 S. W. 170, and Park v. Northport Smelting & Refining Co., 47 Wash. 597, 92 Pac. 442.

[2] Without actually affording a measure of the injury to the freehold, evidence as to the value of the trees would be relevant.

[3] The allegation that plaintiff had growing on his land a large quantity of vigorous, healthy pine, etc., including a very large number of saplings and growing trees which were constantly growing and increasing in quantity and value, and that said natural growth upon said lands was of the reasonable and fair value of $76,200, cannot, it seems to me, be construed otherwise than as an averment that the property injured was growing trees and vegetation. The value alleged is the value, not of the trees severed from the soil, but of the trees which were then a part of the realty. Nothing in the complaint indicates that defendant has removed or actually destroyed, or in any manner consumed, or caused to be consumed, the wood and timber growing on the land. It is reasonable to assume that the trees are still standing, but poisoned, crippled, dead and decaying, or rapidly losing vitality and dying. I see no ambiguity here.

[4] The injury results from poisonous fumes discharged over and upon plaintiff's lands by defendant. This is a single tort, and constitutes but one cause of action. The fact that the lands consist of several noncontiguous tracts, that of the trees injured some were pine, some cedar and some oak, and some were valuable for lumber and some for wood, does not operate to increase the causes of action. Each item of damage sustained by plaintiff is the result of a single tort, and all are properly set out in one count.

The demurrer is overruled, and defendant will have 20 days within which to answer.