## JURE v. UNITED FRUIT CO. *

(Circuit Court of Appeals, Fifth Circuit. May 14, 1925.)

No. 4370.

Shipping ⟲⟹81(1)—Duty of master to interfere with conduct of pilot which involves apparent and avoidable danger.

 The authority of the master of a vessel is not in complete abeyance while a pilot, who is required by law to be accepted, is in the discharge of his functions, and he is not without fault in acquiescing in conduct of the pilot which involves apparent and avoidable danger, whether such danger is to his own or another vessel, or to persons or property thereon or on shore.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by W. J. Jure against the United Fruit Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

M. A. Grace, of New Orleans, La. (John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La., on the brief), for plaintiff in error.

Charles E. Dunbar, Jr., of New Orleans, La. (Walker B. Spencer, Philip S. Gidiere, Esmond Phelps, and Charles E. Dunbar, Jr., all of New Orleans, La., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and BARRETT, District Judge.

WALKER, Circuit Judge. This was an action by the plaintiff in error to recover damages for personal injuries alleged to have been sustained by him while he was at work as a longshoreman on board the steamship City of Canton, while that vessel was lying afloat in the Mississippi river and moored to

*Rehearing denied July 25, 1925.

a dock at Chalmette Slips, a short distance below New Orleans. The injury was attributed to the negligent handling of the steamship Atenas, which was operated by the defendant, in that the Atenas, while proceeding upstream at a high and dangerous rate of speed and passing close to the City of Canton, by the motion so created caused the last-named vessel to break away from its moorings, with the result that a piece of the mooring chock of that vessel was torn off and struck plaintiff.

As to the speed of the Atenas, and as to how far out in the river from the City of Canton it was when it passed that vessel, the evidence was conflicting. A phase of the evidence tended to prove that the Atenas was within 100 feet of the City of Canton when it passed that vessel, and that it was moving at such speed as to cause a vessel situated as the City of Canton was to be moved violently. A ground of defense set up was that at and prior to the time of the injury the Atenas was in charge of a pilot, who was required by the compulsory pilotage law of Louisiana to be accepted by that vessel, and that the defendant was not liable for the negligence of that pilot, if there was such negligence. Evidence showed that, before and while the Atenas was passing the City of Canton early in the afternoon, the master of the former was on the bridge of the vessel with the pilot.

The testimony of the master included the following: "The pilot on board a ship is in charge of the ship to a certain extent. If I should see anything that didn't look just right, I have authority to question him, and if I am certain it is not right can take full charge of the ship from him." The pilot, in answer to questions as to his relations with the officers of a ship he is piloting, stated: "Well, I am in charge of that ship, under the supervision of the master. * * * I could withdraw, if I felt sure of my judgment, and it was not followed." There was judgment for the defendant, pursuant to a verdict which the court directed.

The authority of the master of a vessel is not in complete abeyance while a pilot, who is required by law to be accepted, is in discharge of his functions. The China, 7 Wall. 53, 19 L. Ed. 67. With reference to such a situation the following was said in the opinion in that case: "It is the duty of the master to interfere in cases of the pilot's intoxication or manifest incapacity, in cases of danger which he does not foresee, and in all cases of great necessity. The master has the

same power to displace the pilot that he has to remove any subordinate officer of the vessel. He may exercise it, or not, according to his discretion." The rule stated in the case of Homer Ramsdell Co. v. Com. Gen. Trans., 182 U. S. 406, 21 S. Ct. 831, 45 L. Ed. 1155, to the effect that in actions at common law the shipowner is not liable for injuries inflicted exclusively by negligence of a pilot accepted by a vessel compulsorily, does not exempt the shipowner from liability where negligence of the vessel's master proximately contributed to the injury complained of in such an action. There was evidence to support findings that plaintiff's injury was due to the negligent operation of the Atenas, and that the master of that vessel was negligent in failing to take action to avoid endangering a vessel situated as the City of Canton was and persons or property thereon.

A phase of the evidence furnished support for the inferences that the master of the Atenas, before that vessel reached a point in the river where its movement might affect the City of Canton, was aware that, under the direction of the pilot, it was being so operated that, without a change of its course or speed, it might cause a violent movement of a vessel situated as the City of Canton was; that he negligently failed to suggest to the pilot the danger which was disclosed, and means of avoiding such danger; and that the master's negligence in failing to give timely admonition to the pilot proximately contributed to the injury complained of. We are of opinion that the evidence mentioned tended to prove conduct of the pilot, known to the master, giving rise to a case of danger or great necessity, calling for the intervention of the master. A master of a vessel is not without fault in acquiescing in conduct of a pilot which involves apparent and avoidable danger, whether such danger is to the vessel upon which the pilot is, or to another vessel, or persons or property thereon or on shore.

The conclusion is that the evidence adduced was such that the questions as to whether the injury complained of was due to negligence alleged, as to whether the negligence shown was exclusively that of the pilot, and as to whether negligence of the master proximately contributed to the injury, should have been submitted to the jury under appropriate instructions. It follows that the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.