ROBINS DRY DOCK & REPAIR CO. v. NAVIGAZIONE LIBERA TRIES-TINA, S. A.

Circuit Court of Appeals, Second Circuit. April 8, 1929.

No. 204.

210

available in which to stop the ship. His order and the subsequent movement of the ship were important things to be considered on the question of negligence, but the request made the liability of the defendant dependent upon these two things alone, regardless of the conduct of the ship's captain, the actual cause of the forward movement of the ship and of the failure to stop, or anything else.

The request to charge that the captain was not removed from command by Healey's presence on the bridge should have been granted. Assuming, as the defendant claims, that Healey was in charge of the ship as the representative of an independent contractor, we have undisputed evidence that the ship went the wrong way and in a direction which endangered the plaintiff's property for a period of from 4½ to 5 minutes. It cannot be thought that the captain on the bridge during all of this time was wholly without responsibility, or so divested of his authority by the presence of Healey that he was under no duty whatever to try to correct the movement of his ship. Quite the contrary is true, and this whether the pilot in charge was a voluntary or compulsory one, for the master does not completely surrender his authority in either event. Jure v. United Fruit Co. (C. C. A.) 6 F.(2d) 6. The liability of the defendant in this respect is not directly related to Healey's conduct, but to the captain's. That he knew, or should have known, what the ship was doing, is self-evident. Unless its forward movement was arrested, an accident was inevitable. Knowing this, it was his duty to take whatever effective measures he had at his disposal to avert the impending collision. He could have displaced the pilot, if necessary. Baxter v. Camp (The Marcellus) 66 U. S. (1 Black) 414, 17 L. Ed. 217; The China, 74 U. S. (7 Wall.) 53, 19 L. Ed. 67; Jure v. United Fruit Co., supra; Charente S. S. Co. v. United States (C. C. A.) 12 F.(2d) 412.

■ There was nothing to show that the members of the Brenta's crew, not called as witnesses by the defendant, were still in its employ, and, whether they were or not, the rule applicable to a party who fails to call witnesses exclusively in its control does not apply to a defendant who introduces no evidence at all. A defendant, if so advised, may well let the case go to the jury on the weakness of the evidence presented by a plaintiff, who has the burden of proof, without being taken to task for failure to call certain witnesses, or have any adverse inference drawn which would not follow from an entire failure to refute the evidence intro-

Crowell & Rouse, of New York City (Harold Harper, E. Curtis Rouse, and Murray F. Johnson, all of New York City, of counsel), for appellant.

Loomis & Ruebush, of New York City (Homer L. Loomis, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ■ The plaintiff had the burden to prove actionable negligence on the part of the defendant, and was not entitled to a verdict simply by showing that the ship went ahead after Healey gave an order to put the engines astern. There was no quick movement and immediate collision after the order was given. About five minutes were

duced. In this regard a party who introduces no evidence, and has witnesses exclusively within its control, stands the same as a party who introduces no evidence and has no such witnesses. McDuffee's Adm'x v. Boston & Maine R. Co., 81 Vt. 52, 69 A. 124, 130 Am. St. Rep. 1019; 22 C. J. 112.

The examination of Healey to show that at some previous time, wholly unrelated to this accident, the steamer Clam, with him in charge, was in collision with the Corvus, had no tendency whatever to prove any of the issues on this trial. It was prejudicial, in that it tended to create an impression in the minds of the jury that Healey was apt to have trouble, and was then prone to find in a claimed failure of a ship's engines a ready excuse for whatever fault was found with him. The slight and uncertain bearing evidence of one's conduct at one time, whether prudent or negligent, has on the question of his prudence or negligence on some subsequent unconnected occasion, is so well recognized that any possible probative force it may have has to give way before the danger of injustice, which would accompany the multiplication and confusion of issues resulting from its introduction. Maguire v. Middlesex R. Co., 115 Mass. 239; Laufer v. Bridgeport Traction Co., 68 Conn. 475, 486, 37 A. 379 (37 L. R. A. 533); Delaware, L. & W. R. Co. v. Converse, 139 U. S. 469, 11 S. Ct. 569, 35 L. Ed. 213. Since the evidence was on a collateral issue, his answers were not admissible to lay the foundation for his impeachment. Niebyski v. Welcome, 93 Vt. 418, 108 A. 341.

Judgment reversed.