## NATIONAL LEAD CO. v. CITY OF NEW YORK et al.

### No. 323.

Circuit Court of Appeals, Second Circuit.

July 21, 1930.

Alexander & Green, of New York City (H. S. Ogden, of New York City, of counsel), for appellant National Lead Co.

Arthur J. W. Hilly, Corp. Counsel, of New York City (Joseph P. Reilly, of Brooklyn, N. Y., of counsel), for appellant City of New York.

Bandler, Haas & Collins, of New York City (John F. Collins and Harry Merwin, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and MACK, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

On this appeal the negligence of the city may be taken for granted, as it relies wholly on the defense of want of notice of claim within the time provided by law. Section 261 of the Greater New York Charter (Laws N. Y. 1912, c. 452, amending Laws 1901, c. 466, § 261, as amended) provided that:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment; and in the case of claims against said city, accruing after the passage of this act, for damages for injuries to real or personal property, or for the destruction thereof, alleged to have been sustained by reason of the negligence of, or by the creation or maintenance of a nuisance by, said city, or any department, board, officer, agent or employee thereof, no action thereon shall be maintained against said city unless such action

shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time when and place where the damages were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof, shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued."

Undoubtedly the notice was three days late if the cause of action accrued May 12, 1925, when the water all ran into the cellars. Bernreither v. City of New York, 123 App. Div. 294, 107 N. Y. S. 1006. See, also, Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486; Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749.

■ As new damage occurred during the seven or eight days the water remained in the cellars, the notice was too late only if the cause of action accrued when the inflow of water from the main was stopped on May 12th. After the water was then turned off there was no new flooding of the premises, nor did the water remain in the cellars because the city did anything to keep it there. There was an entire absence of the maintenance of any structure, temporary or permanent, by the city, to hold the water in. It stayed there solely because the nature of the plaintiff's property prevented it running out. It is plain that an action accrued for whatever damage was done during the first three days as soon as that damage was done, and that was all more than six months before the notice.

We do not consider what would have been the result had the plaintiff not sued to recover for this part of its damage or attempted to waive all but the damage sustained within six months of the notice at the trial. It did neither, and nothing is before us but questions growing out of the claim it made in the suit it brought.

■ There was one act of negligence in laying the main with a faulty pipe section, one consequent breaking of the pipe, and one inflow of water resulting in immediate damage which gave rise to a cause of action that accrued at once. The decisive feature is that that cause of action has been made the basis of this suit against the city and all damage resulting from the one flooding is traceable directly to the one break. The plaintiff had a single right of action for all damage caused by the one act of negligence, and it accrued when the damage began, instead of, as the plaintiff seems to believe, when the damage was completely done. If no right of action accrues when some damage is done, but only when all the damage has been suffered, all a defendant would need to show in defense would be that suit was brought while the plaintiff continued to suffer damage or that future damages would be sustained. On such a theory a defendant would be immune from suit while the harmful effect of its wrongdoing continued. On the contrary, a plaintiff, any especial requirement for notice aside, has the right to sue upon being injured and to recover in one suit whatever damage is done without any new act of negligence by the defendant, no matter how numerous the items of damage may be or that they do not occur simultaneously. The true test for determining whether one or more than one cause of action accrues, lies not in the number and variety of the items of damage but in whether or not all of the damage was caused by one and the same negligent act. The negligence causing the flooding was the breach of duty which ripened into a cause of action when the damage began. As soon as the negligent cause was counteracted, and this happened when the water was turned off about an hour after the break, the city ceased to violate any duty it owed the plaintiff. It was bound then only to compensate the plaintiff, provided the conditions precedent as to notice required by its charter were fulfilled, for the damage occasioned by its negligence which, though it no longer existed, had not entirely spent its force. All such damage arose from a single tort for which recovery could be had in one action. Doak v. Mammoth Copper Mining Co. of Maine (C. C.) 192 F. 748; Breard v. Lee (C. C.) 192 F. 72; Secor v. Sturgis, 16 N. Y. 548–558; Braithwaite v. Hall, 168 Mass. 38, 46 N. E. 398. Had the city been under some duty to get the water out of the cellars, there would, of course, have been a continuing breach constituting another tort as long as the water remained and did damage, but, as will be readily seen, its duty was limited to refraining from negligence which caused water to run in. To be sure, "the right of action does not accrue until actual damage has resulted from the negligence complained of," Power v. Munger (C. C. A.) 52 F. 705, 711, but since when actual damage has so resulted a suit may first be brought, that is when the action accrues, Jacobs v. Mexican Sugar Refining Co., Limited, 104 App. Div.

242–249, 93 N. Y. S. 776; United States v. Taylor, 104 U. S. 216, 222, 26 L. Ed. 721; Rice v. United States, 122 U. S. 611–617, 7 S. Ct. 1377, 30 L. Ed. 793; United States ex rel. Louisville Cement Co. v. Interstate Commerce Commission, 246 U. S. 638, 38 S. Ct. 408, 62 L. Ed. 914. As the plaintiff has brought and tried this suit solely on a cause of action which accrued more than six months before the notice was given and that cause of action is nonsuable for want of timely notice, there is nothing to support a valid judgment against the city for any of the damages sustained.

Recovery from the other defendant is not at all dependent upon any such notice. The verdict for that defendant was rendered following the reception of evidence, against the plaintiff's objection, to show that both defendants were accustomed to apply the pressure test only after the trench had been back-filled. The claim of negligence was put on improper inspection and testing. The plaintiff insisted that the pressure test should have been made after the pipe was laid in the trench and before the trench was filled. The time when this test should have been made was when a careful and prudent man in like circumstances would have made it. What these defendants customarily did about inspection and testing had no tendency to supply the proper standard unless it should be assumed that they were always careful and prudent. Such an assumption begs the entire issue of negligence, for it could no more apply to what they had previously done than to what they did when the defective pipe was laid. This evidence substituted for the prudent man rule what may have been nothing more than persistence by the defendants in inadequate inspection and testing until finally a pipe section was used which with due care, as judged by what a prudent man would have done, might have been rejected. We do not decide that this was the fact, but only that the plaintiff was entitled to have the jury decide that question without regard to what the defendants themselves customarily did at other times and places under circumstances undisclosed. The issue in this respect was not whether the defendants followed their usual practice this time, but whether they laid this main with prudent man care. Robins Dry Dock & Repair Co. v. Navigazione Libera Triestina (C. C. A.) 32 F.(2d) 209; Maguire v. Middlesex Railroad Co., 115 Mass. 239; Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Schumer v. Caplin, 241 N. Y. 346, 150 N. E. 139.

Error is also claimed in the refusal to permit the plaintiff to prove that, before the new main was laid, trucks had no such difficulty in using the street as they afterward experienced by sinking into the back-filled trench. Yet the good condition of the street before the situation was changed by laying the new main was wholly unimportant. No one claimed that the water which made it soggy after the main was laid did not come from the main.

Both judgments reversed.